**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

|  |  |  |
|---|---|---|
| ALEJANDRO JURADO JIMENEZ; EDGAR NIETO CHAVEZ; JESUS JURADO RAMIREZ; JOSE FRANCISCO YERENA GONZALEZ; JOSE JIMENEZ JURADO; OSWALDO ZUNIGA MEDINA MENDOZA; ABEL LANDIN GARCIA; ABRAHAM RUIZ MENDOZA; ALEJANDRO PONCE GONZALEZ; ANTONIO JURADO JURADO; ASAEL QUINTANA RAMIREZ; CARLOS JURADO RANGEL; CRISTOBAL MARTINEZ VELEZ; DAVID NIETO JIMENEZ; DIEGO ARMANDO ARROYO GARCIA; EDUARDO ROBLES MEDINA; ENRIQUE ROSAS JURADO; FERNANDO ROSAS RIVERA; FRANCISCO JAVIER NUNEZ PEREZ; FRANCISCO RUIZ FIGUEROA; ISIDRO ENRIQUEZ RAMIREZ; JAIME JURADO ORTIZ; JAVIER ARROYO ORTIZ; J. JESUS JIMENEZ ROSAS; J. JESUS ORTIZ MARTINEZ; J. JESUS ROBLES MEDINA; J. SALUD RODRIGUEZ RAMIREZ; J. SAUL JIMENEZ ROSAS; JESUS EDUARDO SANTIAGO GARCIA; JESUS MARTINEZ GALLARDO; JESUS ORTIZ ARRIAGA; JESUS SIFUENTES GUERRERO; JORGE DIMAS JIMENEZ; JOSE ALBERTO GARCIA CAMARGO; JOSE ALBERTO MARTINEZ GONZALEZ; JOSE ANTONIO FLORES PEREZ; JOSE ANTONIO PONCE GONZALEZ; JOSE BACA GUEVARA; JOSE DAVID FLORES MENDOZA; JOSE ENRIQUEZ RAMIREZ; JOSE JAVIER CHAVEZ RANGEL; JOSE JIMENEZ JURADO; JOSE JURADO JURADO; JOSE LUIS OLGUIN CRUZ; JOSE MANUEL LOPEZ VALENCIA; JOSE LORENZO ESPARZA BARRON; JOSE MANUEL ORTEGA PAREDES; JOSE MENDEZ BACA; JOSE RAMON MARTINEZ PALMAS; JOSE ROBERTO MARTINEZ MORENO; JUAN ALMANZA SANCHEZ; JUAN GODINEZ LOPEZ; JULIO CESAR CABRERA GUERRERO; LUCIO LOREDO HERNANDEZ; LUIS ANDRES | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. _12 cv 209_<br><br>JURY DEMAND |

MUNOZ ESPINOSA; MARIO RIVAS )
QUINTANA; MARTIN CHAVEZ JIMENEZ; )
MIGUEL ORTIZ MARTINEZ; NAZARIO )
RODRIGUEZ GUZMAN; PEDRO TAPIA; )
RAFAEL ARROYO LOPEZ RAFAEL JURADO )
ROSAS; RAUL RAMIREZ LANCON; )
ROMAN RODRIGUEZ RAMIREZ; )
ROSENDO AGUILAR CARDENAS; RUBEN )
NIETO JIMENEZ; SALVADOR BACA JURADO, )
on behalf of themselves and all others similarly )
situated, )
                                  )
                                  )
                   *Plaintiffs*, )
                                  )
         v. )
                                  )
GLK FOODS, LLC and RYAN A. DOWNS, )
                                  )
                 *Defendants.* )

## COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

1.     This is a class and collective action by 65 migrant workers recruited from Mexico and employed in the United States by Defendants under the H-2B temporary foreign worker visa program from as early as February 2006 through September 2011. The named Plaintiffs allege that Defendants GLK Foods, LLC, and Ryan A. Downs violated their rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801-1871 ("AWPA"), the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), Wisconsin's Migrant Labor Act, W.S.A. §§ 103.90-.97 ("WMLA"), and the Wisconsin Wage Payments, Claims and Collections Act, W.S.A. §§ 109.01-.12 ("WWPCCA"). Plaintiffs also allege that Defendant GLK's conduct constituted a breach of contract under Wisconsin common law.

2.     The named Plaintiffs, on behalf of themselves and others similarly situated ("Class Members"), seek recovery of unpaid wages and liquidated and statutory damages to

make them whole as a result of Defendants' violations of law. Plaintiffs further seek the costs of litigation and attorneys' fees.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States; 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce; 29 U.S.C. § 1854(a), this action arising under the AWPA; and 29 U.S.C. § 216(b), this action arising under the FLSA. The Court has supplemental jurisdiction over Plaintiffs' Wisconsin statutory and common law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because the acts or omissions that have given rise to Plaintiffs' claims occurred within this District, and because Defendants reside in this District.

## PARTIES

5.      Plaintiffs and Class Members are citizens of Mexico. During the periods of time relevant to this action, Plaintiffs and Class Members were admitted into the United States under the H-2B temporary foreign worker visa program administered by the U.S. Department of Labor pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b). Workers admitted into the United States under H-2B visas are commonly known as "H-2B workers."

6.      Defendant GLK Foods, LLC, (hereinafter "GLK"), is a Wisconsin corporation that conducts business in this District. At all times relevant to this action, GLK has operated a sauerkraut cannery in Bear Creek, Wisconsin, in which raw cabbage is cut, chopped, and prepared to make sauerkraut, and has been engaged in the production of goods for sale in interstate commerce.

7.    GLK considers itself to be the largest sauerkraut producer in the world, and maker of America's top selling brands of sauerkraut.

8.    Defendant Ryan A. Downs is a resident of Wisconsin, and the owner and President of GLK. Downs conducts significant business in this District. At all times relevant to this action, Downs has been engaged, through his ownership and operation of GLK, in the production of goods for sale in interstate commerce.

9.    On information and belief, at all times relevant to this action, Downs exercised the authority to hire and fire Plaintiffs and Class Members, supervised and controlled their work schedules and conditions of employment, and determined their rate of pay and method of payment.

## STATEMENT OF FACTS

### Defendants' H-2B Labor Applications and Certifications

10.    In order to be authorized to employ foreign guest-workers under the H-2B program, an employer in the United States must apply for and receive certification from the Department of Labor that (1) there are insufficient available workers within the United States to perform the job, and (2) the employment of aliens will not adversely affect the wages and working conditions of similarly employed U.S. workers. 8 U.S.C. § 1101(a)(15)(H)(ii)(b); 8 C.F.R. § 214.2(h)(6)(iv)(A).

11.    Employers seeking the admission of H-2B workers must file an Application for Temporary Employment Certification with the Department of Labor. 20 C.F.R. § 655.20. In these applications for H-2B certification, employers specify the wages and other terms and

conditions of employment offered to the workers, including minimum terms and conditions required to be offered by employers pursuant to 20 C.F.R. § 655, Subpart A.

12. In the years 2006 through 2011, Defendants annually applied for and obtained Department of Labor certifications authorizing GLK to employ H-2B workers to serve as trim line laborers in Defendants' sauerkraut cannery in Bear Creek, Wisconsin. Defendants' H-2B applications and certifications for the 2006, 2008, 2010 and 2011 seasons are attached as Exhibit A.[1]

13. In each of Defendants' H-2B applications and certifications for 2010 and 2011, an agent for GLK affirmed, under penalty of perjury, that GLK would:

    a. Pay the offered wage that "equals or exceeds the highest of the most recent prevailing wage, the applicable Federal, State, or local minimum wage, and…pay the offered wage during the entire period of the approved labor certification." Ex. A at A-10, A-20.

    b. Provide at least forty (40) hours per week of work for each worker. *Id.* at A-6, A-16.

    c. Provide work for the entire certified period of employment. *Id.* at A-4, A-14.

    d. Comply with all Federal, State, and local employment-related laws and regulations. *Id.* at A-10, A-20.

    e. Provide or pay for return transportation from the job site to the workers' homes if workers are terminated prior to the end of the certified period of employment. *Id.* at A-11, A-21.

---

[1] Pursuant to the Freedom of Information Act, Plaintiffs have requested but not received Defendants' H-2B application and certification for the 2007 season.

Case 1:12-cv-00209-WCG   Filed 02/29/12   Page 5 of 23   Document 1

f.  Provide terms and conditions of employment that are not less than the minimum terms and conditions required under 20 C.F.R. § 655, Subpart A. *Id.* at A-10, A-20.

14.  Defendants' H-2B applications and certifications for 2010 and 2011 also affirmed, under penalty of perjury, that GLK or its agents had not sought or received payment of any kind from an employee for any activity related to obtaining labor certification, including payment of recruiting costs. *Id.* at A-11, A-21.

15.  Defendants' H-2B applications and certifications required the following hourly wages to be paid: $7.68 in 2006; $7.45 in 2007; $7.75 in 2008; $7.85 in 2010; and $10.36 in 2011.

16.  The Department of Labor certified Defendants to employ sixty-two (62) H-2B workers from May 1, 2006 through November 30, 2006; seventy (70) H-2B workers from May 1, 2007 through November 30, 2007; eighty-eight (88) H-2B workers from March 1, 2008 through November 30, 2008; one hundred and ten (110) H-2B workers from August 9, 2010 through November 30, 2010; and one hundred and forty-three (143) H-2B workers from August 1, 2011 through November 15, 2011.

**Plaintiffs Relied on Defendants' Promises and Incurred Significant Expenses.**

17.  In 2006, 2007, 2008, 2010, and 2011, Defendants recruited Plaintiffs and Class Members at various locations in Mexico to fill the H-2B positions certified by the Department of Labor.

18.  In order to come to the United States to work for Defendants under the H-2B program, Plaintiffs and Class Members incurred recruitment, immigration, and travel expenses including but not limited to: hiring or recruitment fees of between $1,000 and $1,500; the costs

of Mexican passports; travel expenses from their respective homes in Mexico to the United States Consulate in Matamoros, Mexico; visa application fees and other expenses necessary to obtain the H-2B visas; lodging expenses in Matamoros, Mexico pending approval of visa applications and before transportation to Wisconsin was arranged; travel expenses from the lodging in Matamoros, Mexico to the border with the United States; and border crossing fees charged by the United States Citizenship and Immigration Services.

19.     The recruitment, immigration, and travel expenses described in paragraph 18 that Plaintiffs and Class Members incurred were primarily for Defendants' benefit.  Plaintiffs and Class Members would not have incurred these costs other than to work for Defendants.

20.     Upon arriving in Bear Creek, Wisconsin, Plaintiffs and Class Members satisfactorily performed work for Defendants.

21.     Defendants never reimbursed Plaintiffs and Class Members for all of the recruitment, immigration, and travel expenses that they incurred.

22.     In 2010 and 2011, as a result of Plaintiffs and Class Members having to pay recruitment, immigration, and travel expenses required to work for Defendants, and Defendants' failure to reimburse such expenses during the first work week, Plaintiffs and Class Members were paid at less than the prevailing wage rate, the FLSA minimum wage rate, and the Wisconsin minimum wage rate for their respective first weeks of work.

23.     In 2011, in violation of the terms of employment set forth in Defendants' 2011 H-2B application and certification, Defendants fired approximately half of the H-2B workers on or about September 19, 2011, and the other half on or about September 28, 2011, well short of the certified employment end date of November 15, 2011.

24.     In 2010, in violation of the terms of employment set forth in Defendants' 2010 H-2B application and certification, Defendants fired all of the H-2B workers at least a month prior to the certified employment end date of November 30, 2010.

25.     In 2010 and 2011, when Defendants fired Plaintiffs and Class Members prior to the certified employment end date, Defendants failed to provide or pay for all of the costs of return transportation from Defendants' job site to Plaintiffs' and Class Members' homes in Mexico as required by 20 C.F.R. § 655.22(m).

26.     In 2011, Defendants failed to pay wages for all hours worked by at least the following Plaintiffs: Carlos Jurado Rangel, Enrique Rosas Jurado, Fernando Rosas Rivera, Javier Arroyo Ortiz, J. Saul Jimenez Rosas, Jesus Martinez Gallardo, Jose Mendez Baca, and Salvador Baca Jurado.

27.     In 2011, Defendants failed to pay wages at an hourly rate equal to one and a half times the regular hourly rate for all compensable time that Plaintiffs were employed in excess of forty (40) hours in each work week.

28.     In 2010 and 2011, Defendants failed to employ Plaintiffs and Class Members for forty (40) hours per week during the entire certified period of employment.

## COLLECTIVE ACTION & CLASS ACTION ALLEGATIONS

29.     Plaintiffs bring the claims set forth in Counts I and II, alleging violations of the FLSA, as an opt-in representative or collective action, on behalf of themselves and other individuals similarly situated who have been damaged by Defendants' failure to pay them the minimum wage, as required by the FLSA, during the first work week, and Defendants' failure to pay for all hours worked and failure to pay overtime, as required by the FLSA.  Each Plaintiff has consented to be a party to this litigation.  Their written consents are attached at Ex. B.

Case 1:12-cv-00209-WCG   Filed 02/29/12   Page 8 of 23   Document 1

30.     All claims set forth in Counts III through VII are brought by Plaintiffs on behalf of themselves and other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31.     Plaintiffs seek to represent two classes.  One class, the "2010 – 2011 Class," consists of all those individuals admitted as H-2B workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed in Defendants' sauerkraut operations in Bear Creek, Wisconsin in 2010 and/or 2011 pursuant to the Department of Labor certifications for those years.  A second class, the "2006 – 2008 Class," consists of all those individuals admitted as H-2B workers who were employed in Defendants' sauerkraut operations in Bear Creek, Wisconsin in 2006, 2007, and/or 2008 pursuant to the Department of Labor certifications for those years.

32.     The 2010 – 2011 Class is represented by all of the named Plaintiffs.

33.     The 2006 – 2008 Class is represented by the following Plaintiffs: Alejandro Jurado Jimenez, Asael Quintana Ramirez, Carlos Jurado Rangel, Cristobal Martinez Velez, David Nieto Jimenez, Enrique Rosas Jurado, J. Jesus Jimenez Rosas, J. Jesus Ortiz Martinez, J. Jesus Robles Medina, J. Saul Jimenez Rosas, Jesus Jurado Ramirez, Jose Javier Chavez Rangel, Jose Jimenez Jurado, Jose Jurado Jurado, Jose Manuel Ortega Paredes, Jose Ramon Martinez Palmas, Jose Roberto Martinez Moreno, Lucio Loredo Hernandez, Martin Chavez Jimenez, Miguel Ortiz Martinez, Rafael Jurado Rosas, Raul Ramirez Lancon, Ruben Nieto Jimenez, and Salvador Baca Jurado.

34.     Members of the 2010 – 2011 Class and the 2006 – 2008 Class are so numerous and geographically dispersed as to make joinder impractical.  The precise numbers of individuals in the Classes are known only to Defendants.  However, each Class is believed to include well over one hundred and fifty (150) individuals.  Each Class is comprised of indigent migrant

workers who maintain their residences in locations throughout Mexico. As to each Class, the relatively small size of the individual claims, the geographical dispersion of the class, and the indigency of the class members makes the maintenance of separate actions by each class member economically infeasible.

35. There are questions of fact and law common to each Class.

A. For the 2010 – 2011 Class, the common questions include but are not limited to:

Whether Defendants violated the AWPA by failing to pay Plaintiffs and Class Members the statutory minimum and prevailing wages during their respective first weeks of work in each year;

Whether Defendants violated the AWPA by promising Plaintiffs and Class Members certified periods of employment and prematurely terminating their employment in each year;

Whether Defendants violated the AWPA by failing to pay Plaintiffs and Class Members for at least forty (40) hours of work each week, as promised;

Whether Defendants violated the AWPA by charging Plaintiffs and the Class Members hiring or recruitment fees;

Whether Defendants violated the AWPA by failing to provide or pay for all of the costs of return transportation from the job site in Wisconsin to Plaintiffs' and Class Members' homes;

Whether Defendants violated the AWPA by failing to provide Plaintiffs and Class Members a written statement of the terms and conditions of the proffered employment;

Whether Defendants' violations of the AWPA were intentional;

Whether Defendant GLK breached the terms of Plaintiffs' and Class Members' employment contracts by (1) failing to pay minimum wages to Plaintiffs and Class Members during their respective first weeks of work; (2) failing to employ Plaintiffs and Class Members for forty (40) hours of work each week; and (3) failing to provide Plaintiffs and Class Members employment for the entire certified period of employment, instead terminating their employment early without just cause;

Whether Defendants violated the WMLA by failing to provide to Plaintiffs and Class Members written disclosures, in English and Spanish, at the time of recruitment;

Whether Defendants violated the WMLA by failing to provide to Plaintiffs and Class Members work agreements, in English and Spanish, at the time of hiring;

Case 1:12-cv-00209-WCG   Filed 02/29/12   Page 10 of 23   Document 1

Whether Defendants violated the WMLA by failing to pay Plaintiffs and Class Members for at least sixty-four (64) hours in each two week period from the date Plaintiffs and Class Members reported to work through the end date specified in the work agreement;

Whether Defendants violated the WMLA by deducting room and board from the wages of Plaintiffs and Class Members without written consent; and

Whether Defendants violated the WWPCCA.

B.      For the 2006 – 2008 Class, the common questions of fact and law include but are not limited to:

Whether Defendants violated the AWPA by failing to provide to Plaintiffs and Class Members a written statement of the terms and conditions of the proffered employment;

Whether Defendants violated the WMLA by failing to provide to Plaintiffs and Class Members written disclosures, in English and Spanish, at the time of recruitment;

Whether Defendants violated the WMLA by failing to provide to Plaintiffs and Class Members work agreements, in English and Spanish, at the time of hiring; and

Whether Defendants violated the WMLA by deducting room and board from the wages of Plaintiffs and Class Members without written consent.

36.     The claims of the named Plaintiffs are typical of the individuals comprising both the 2010 – 2011 Class and the 2006 – 2008 Class, and these typical, common claims predominate over any questions affecting only individual class members.  The named Plaintiffs have the same interests as other Class Members and will vigorously prosecute these interests on behalf of the class.

37.     Plaintiffs' attorneys are experienced in representing plaintiffs in labor and employment class actions and have handled numerous class actions in the federal courts.  They are prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the class members.

38.     A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia:*

Case 1:12-cv-00209-WCG   Filed 02/29/12   Page 11 of 23   Document 1

a. The common issues of law and fact, as well as the relatively small size of the individual Class Members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

b. Many Class Members are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

c. There has been no litigation already commenced against Defendants by the members of the class to determine the questions presented;

d. A class action will allow the Court to adjudicate the claims of all class members at once and enter an appropriate order regarding monetary relief with respect to the Classes as a whole;

e. A class action can be managed without undue difficulty since Defendants have regularly committed the violations complained of herein, and are required to maintain detailed records concerning each member of the Classes; and

f. A class action will avoid the heavy burden of multiple, duplicative lawsuits.

39. Pursuant to Rule 23(c)(2)(B), Plaintiffs request that notice be sent to the Classes of all claims in Counts III through VII.

## COUNT I
### Fair Labor Standards Act (FLSA)
### (Collective Action: Week One Wages)

40. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 28 above.

41. Pursuant to 29 U.S.C. § 216(b), Plaintiffs have consented in writing to be party plaintiffs in this FLSA action. Ex. B.

42. By failing to reimburse Plaintiffs, during their respective first weeks of employment, for recruitment, visa, and travel expenses that Plaintiffs incurred primarily for the benefit of Defendants, Plaintiffs' wages for their respective first weeks of work were depressed below the applicable federal minimum wage and Defendants violated the minimum wage

Case 1:12-cv-00209-WCG   Filed 02/29/12   Page 12 of 23   Document 1

provision of the FLSA, 29 U.S.C. § 206(a), in failing to pay Plaintiffs the applicable minimum wage for every compensable hour of labor they performed for Defendants in 2010 and/or 2011.

43.     As a consequence of Defendants' FLSA violations, Plaintiffs and other similarly situated individuals are entitled to recover their unpaid minimum wages for 2010 and 2011, plus an additional equal amount in liquidated damages, costs of suit, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b). Pursuant to the FLSA, Plaintiffs request that notice of all claims in Count I be sent to other similarly situated individuals.

## COUNT II
### Fair Labor Standards Act (FLSA)
### (Collective Action: Failure to pay for all hours worked and failure to pay overtime)

44.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 28.

45.     In 2011, Defendants violated the FLSA, 29 U.S.C. § 206(a), by failing to pay the Plaintiffs named in paragraph 26 the federal minimum wage for all hours worked.

46.     In 2011, Defendants violated the FLSA, 29 U.S.C. § 207(a), by failing to pay all Plaintiffs at an hourly rate equal to one and a half times the regular hourly rate for all compensable time that they were employed in excess of forty (40) hours in each work week.

47.     As a consequence of Defendants' FLSA violations, Plaintiffs are entitled to recover their unpaid minimum and overtime wages for 2011, plus an additional equal amount in liquidated damages, costs of suit, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b). Pursuant to the FLSA, Plaintiffs request that notice of all claims in Count II be sent to other similarly situated individuals.

## COUNT III
### Migrant and Seasonal Agricultural Worker Protection Act (AWPA)
### (2010 – 2011 Class)

Case 1:12-cv-00209-WCG   Filed 02/29/12   Page 13 of 23   Document 1

48. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 39.

49. At all times relevant to this action, Plaintiffs and Class Members were migrant agricultural workers within the meaning of 29 U.S.C. § 1802(8)(A), in that they were employed in agricultural employment of a temporary nature and were required to be absent overnight from their permanent places of residence.

50. At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. § 1802(2).

51. At various times in 2010 and 2011, Defendants recruited individuals in Mexico to travel to the United States to work as H-2B workers for Defendants.

52. At the time Plaintiffs and Class Members were recruited, they were not provided with a written statement of the terms and conditions of the proffered employment, in English and in Spanish, in violation of the AWPA, 29 U.S.C. § 1821(a) and (g), and its attendant regulations, 29 C.F.R. §§ 500.75(b), 500.78.

53. At the time of their recruitment, Plaintiffs and Class Members were promised a wage equal to the prevailing wage for at least forty (40) hours per week of work.

54. At the time of their recruitment, Plaintiffs and Class Members were promised work over a specified period of time.

55. The promises Defendants made to Plaintiffs and Class Members at the time of recruitment constitute terms of the working arrangement between Defendants and Plaintiffs and Class Members pursuant to the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72 (the "AWPA working arrangement").

Case 1:12-cv-00209-WCG   Filed 02/29/12   Page 14 of 23   Document 1

56. Defendants intentionally failed to comply with the promises they made to Plaintiffs and Class Members at the time of their recruitment.

57. Defendants' intentional failure to comply with the promises made to workers at the time of recruitment was in violation of the AWPA working arrangement.

58. Defendants required many Plaintiffs and Class Members to pay a hiring or recruitment fee of between $1,000 and $1,500 to be considered for work, in violation of the H-2B regulations, 20 C.F.R. § 655.22(g)(2) and (j), which are incorporated into the AWPA working arrangement.

59. The terms and conditions of employment set forth in Defendants' H-2B applications for H-2B certification described in paragraphs 12 - 15 constitute terms of the AWPA working arrangement.

60. Under the terms and conditions of Defendants' H-2B applications and certifications, as incorporated into the AWPA working arrangement, Defendants were required to pay Plaintiffs and Class Members for all work performed, consistent with federal and state law, the prevailing wage rate throughout each certified period of employment and a stated overtime wage throughout each certified period of employment for each hour worked beyond forty (40) hours in a given work week.

61. Under the terms and conditions of Defendants' H-2B applications and certifications, as incorporated into the AWPA working arrangement, Defendants were required to provide a minimum of forty (40) hours of work per week throughout each certified period of employment.

62. Under the terms and conditions of Defendants' H-2B applications and certifications, as incorporated into the AWPA working arrangement, Defendants were required

Case 1:12-cv-00209-WCG   Filed 02/29/12   Page 15 of 23   Document 1

to provide or pay for return transportation from Defendants' job site to Plaintiffs' and Class Members' homes.

63. Defendants violated the AWPA working arrangement as follows:

    a. Defendants intentionally failed to pay Plaintiffs and Class Members the prevailing wage for their respective first weeks of work in each season by failing to reimburse Plaintiffs and Class Members for expenses they incurred primarily for the benefit of Defendants;

    b. Defendants intentionally failed to pay Plaintiffs and Class Members for at least forty (40) hours of work each week;

    c. Defendants intentionally failed to employ Plaintiffs and Class Members for the entire certified period of employment each season and, instead, terminated the employment of Plaintiffs and Class Members early and without cause;

    d. Defendants intentionally failed to provide or pay for return transportation from Defendants' job site to Plaintiffs' and Class Members' homes; and

    e. Defendants required many Plaintiffs and Class Members to pay a hiring or recruitment fee.

64. Further as a result of Defendants' intentional acts and omissions, Defendants failed to pay Plaintiffs and Class Members their wages owed to them when due, thereby violating the AWPA, 29 U.S.C. § 1822(a), and its attendant regulations, 29 C.F.R. § 500.81.

65. As a consequence of Defendants' intentional AWPA violations, Plaintiffs and Class Members are each entitled to recover their unpaid wages for the 2010 – 2011 seasons, plus actual or statutory damages of up to $500 per individual for each of the violations described above. 29 U.S.C. § 1854(c).

## COUNT IV
**Migrant and Seasonal Agricultural Worker Protection Act (AWPA)**
**(2006 – 2008 Class)**

66. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 39.

Case 1:12-cv-00209-WCG   Filed 02/29/12   Page 16 of 23   Document 1

67.     At all times relevant to this action, Plaintiffs and Class Members were migrant agricultural workers within the meaning of 29 U.S.C. § 1802(8)(A), in that they were employed in agricultural employment of a temporary nature and were required to be absent overnight from their permanent places of residence.

68.     At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. § 1802(2).

69.     At various times from 2006 through 2008, Defendants recruited individuals in Mexico to travel to the United States to work as H-2B workers for Defendants.

70.     At the time Plaintiffs and Class Members were recruited, they were not provided with a written statement of the terms and conditions of the proffered employment, in English and Spanish, in violation of the AWPA, 29 U.S.C. § 1821(a) and (g), and its attendant regulations, 29 C.F.R. §§ 500.75(b), 500.78.

71.     As a consequence of Defendants' intentional AWPA violations, Plaintiffs and Class Members are each entitled to recover statutory damages of up to $500 per individual for each of the violations described above. 29 U.S.C. § 1854(c).

## COUNT V (ONLY AGAINST GLK)
### Breach of Contract
### (2010 – 2011 Class)

72.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 - 39.

73.     Defendants' 2010 and 2011 H-2B applications and certifications setting forth terms and conditions of employment constitute employment contracts between Defendants and Plaintiffs and Class Members.

Case 1:12-cv-00209-WCG   Filed 02/29/12   Page 17 of 23   Document 1

74.     Defendants' promises to Plaintiffs and Class Members at the time of their recruitment in 2010 and 2011, and Plaintiffs' and Class Members' acceptance of Defendants' offers of employment based upon such promises, formed employment contracts between Defendant GLK and Plaintiffs and Class Members.

75.     The WMLA, W.S.A. § 103.915(1)(b), required Defendants to enter into written work agreements with Plaintiffs and Class Members.  Such work agreements constitute employment contracts between Defendants and Plaintiffs and Class Members.

76.     At all relevant times, Plaintiffs and Class Members performed satisfactorily all employment duties and responsibilities required of them under the employment contracts described above.

77.     By words, conduct, practice, or custom and usage, it was understood by the parties that Defendants would pay Plaintiffs and Class Members for all work performed, consistent with federal and state law, as follows: a stated hourly wage throughout the certified period of employment and a stated overtime wage throughout the certified period of employment for each hour worked beyond forty (40) hours in a given work week.

78.     By words, conduct, practice, or custom and usage, it was understood by the parties that Defendants (1) would pay Plaintiffs and Class Members for a minimum of forty (40) hours of work per week; and (2) would employ Plaintiffs and Class Members for the certified period of employment in each season.

79.     Defendants breached Plaintiffs' and Class Members' employment contracts in the following ways:

    a.  Defendants paid Plaintiffs and Class Members at rates below the applicable prevailing wage rate for their respective first weeks of work in each season;

Case 1:12-cv-00209-WCG   Filed 02/29/12   Page 18 of 23   Document 1

b. Defendants failed to provide employment that complied with all applicable federal and state employment-related laws and regulations;

c. Defendants failed to provide forty (40) hours of work each week;

d. Defendants failed to provide work for the certified period of employment each season; and

e. Defendants failed to provide or pay for all of the costs of return transportation from the job site in Wisconsin to Plaintiffs' and Class Members' homes in 2010 and 2011 when Defendants terminated Plaintiffs' and Class Members' employment prior to the end of the certified period of employment.

80. Defendants' breaches of Plaintiffs' and Class Members' employment contracts caused Plaintiffs and Class Members substantial injuries, for which Plaintiffs and Class Members are entitled to actual and consequential damages.

## COUNT VI
### Wisconsin Migrant Labor Act (WMLA)
### (2010 – 2011 and 2006 – 2008 Classes)

81. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 - 39.

82. With respect to both the 2010 – 2011 Class and the 2006 – 2008 Class, Defendants violated the WMLA, W.S.A. § 103.90 et seq., as follows:

a. Defendants failed to provide to Plaintiffs and Class Members written disclosures, in English and Spanish, at time of recruitment in violation of W.S.A. §§ 103.915(1)(a), (8);

b. Defendants failed to provide to Plaintiffs and Class Members work agreements, in English and Spanish, at the time of hiring in violation of W.S.A. §§ 103.915(1)(b), (4), (8); and

c. Defendants deducted sums from the wages of Plaintiffs and Class Members without written consent in violation of W.S.A. § 103.93(3).

83. With respect to the 2010 – 2011 Class, Defendants violated the WMLA by failing to pay Plaintiffs and Class Members for at least sixty-four (64) hours of work for every two

Case 1:12-cv-00209-WCG   Filed 02/29/12   Page 19 of 23   Document 1

weeks within the period of employment stated in the work agreements in violation of § 103.915(4)(b).

84.     As a consequence of Defendants' violations of the WMLA, Plaintiffs and 2010 – 2011 Class Members are entitled to unpaid wages and statutory damages, pursuant to § 103.97(1)(a), of $100 for each 2010 – 2011 violation.

85.     As a consequence of Defendants' violations of the WMLA, the  2006 – 2008 Class Members are entitled to statutory damages, pursuant to § 103.97(1)(a), of $100 for each violation.

## COUNT VII
### Wisconsin Wage Payments Claims and Collections Act (WWPCCA)
### (2010 – 2011 Class)

86.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 - 39.

87.     The Wisconsin minimum wage throughout 2010 and 2011 was $7.25 per hour.

88.     In 2010 and 2011, Defendants violated the WWPCCA, W.S.A. §§ 109.01 et seq, by failing to pay to Plaintiffs and Class Members the Wisconsin minimum wage for all hours worked.  These violations occurred as a result of Defendants' failure to reimburse Plaintiffs and Class Members, during their respective first weeks of employment, for recruitment, immigration, and travel expenses that Plaintiffs and Class Members incurred primarily for the benefit of Defendants.

89.     As a consequence of Defendants' violations of the WWPCCA, Plaintiffs and Class Members are entitled to unpaid wages, plus an additional fifty-percent (50%) of the

Case 1:12-cv-00209-WCG   Filed 02/29/12   Page 20 of 23   Document 1

amount of unpaid wages pursuant to W.S.A. § 109.11(2)(a), and costs of suit and reasonable attorneys' fees pursuant to W.S.A. § 109.03(6).

## PRAYER FOR RELIEF:

**WHEREFORE,** Plaintiffs respectfully request that this Court grant them the following relief:

A. Permit the case to proceed as a collective action with respect to the claims set forth in Counts I and II;

B. Certify this case as a class action in accordance with Fed. R. Civ. P. 23(b)(3) with respect to the claims set forth in Counts III through VII;

C. Declare that Defendants violated the minimum wage and overtime provisions of the FLSA, as set forth in Counts I and II;

D. Grant judgment in favor of Plaintiffs and against Defendants, jointly and severally, on their claims under the FLSA, as set forth in Counts I and II;

E. Award each Plaintiff and all other individuals who opt-in to this action his unpaid minimum and overtime wages for two years prior to the filing of this lawsuit plus an equal amount in liquidated damages, as set forth in Counts I and II;

F. Declare that Defendants intentionally violated the AWPA and its attendant regulations, as set forth in Counts III and IV;

G. Grant judgment in favor of Plaintiffs and Class Members and against Defendants, jointly and severally, on Plaintiffs' and Class Members' claims under the AWPA, as set forth in Counts III and IV;

H. Award each Plaintiff and Class Member actual damages or statutory damages, whichever is greater, for each violation of the AWPA set forth in Count III;

I. Grant judgment in favor of Plaintiffs and Class Members and against Defendant GLK on the breach of contract claims set forth in Count V;

J. Award Plaintiffs and Class Members their actual and consequential damages for the breach of contract as set forth in Count V;

K. Grant judgment in favor of Plaintiffs and Class Members and against Defendants, jointly and severally, on their claims under the WMLA, as set forth in Count VI;

L. Award each Plaintiff and Class Member statutory damages for each violation of the WMLA in Count VI;

M. Grant judgment in favor of Plaintiffs and Class Members and against Defendants, jointly and severally, on their claims under the WWPCCA, as set forth in Count VII;

N. Award each Plaintiff and Class Member unpaid wages under the WWPCCA, as set forth in Count VII;

O. Award Plaintiffs the costs of this action;

Case 1:12-cv-00209-WCG   Filed 02/29/12   Page 22 of 23   Document 1

P. Award Plaintiffs reasonable costs and attorneys' fee with respect to their FLSA claims pursuant to 29 U.S.C. § 216(b), and with respect to the WWPCCA claims pursuant to W.S.A. § 109.03(6), and with respect to their breach of contract claims pursuant to the common-fund doctrine; and

Q. Grant such further relief as is just and equitable.

**Dated:    February 29, 2012**

**Respectfully submitted,**

**s/ Mary M. Rowland**
**One of Plaintiffs' Attorneys**

Matthew J. Piers/2206161
Mary M. Rowland/6199395
José J. Behar/6203727
Jenna Miara/6288306
Attorneys for Plaintiffs
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
Telephone: (312) 580-0100
Fax: (312) 580-1994
E-mail: mpiers@hsplegal.com
         mrowland@hsplegal.com
         jbehar@hsplegal.com
         jmiara@hsplegal.com

Weeun Wang/33862
Attorney for Plaintiffs
Farmworker Justice
1126 16th Street, N.W., Suite 270
Washington, D.C. 20036
(202) 293-5420 ext. 308
wwang@farmworkerjustice.org