IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| ALEJANDRO JURADO JIMENEZ, et al., | ) |
| *Plaintiffs*, | ) Case No. 1:12-cv-00209-WCG |
| v. | ) |
| GLK FOODS, LLC and RYAN A. DOWNS, | ) |
| *Defendants.* | ) |

## PLAINTIFFS' MOTION TO COMPEL

Plaintiffs, by and through undersigned counsel, hereby move this Court pursuant to Federal Rule of Civil Procedure 37(a) to compel Defendants to respond to Plaintiffs' discovery requests.

Pursuant to Fed. R. Civ. P. 37(a)(1) and E.D. Wis. L.R. 37, the undersigned counsel for Plaintiffs certify that they have attempted in good faith to confer with counsel for Defendants to resolve by agreement the issues raised in this Motion and that those efforts have been unsuccessful.

In support of their Motion, Plaintiffs state the following:

## BACKGROUND

Plaintiffs are Mexican migrant workers. They were authorized to work in the United States pursuant to the federal government's "H-2B" guestworker program. 8 U.S.C. § 1101(a)(15)(H)(ii)(b). They, and others similarly situated, were brought by Defendants to Wisconsin to process cabbage for sauerkraut at Defendants' facility in Bear Creek. Plaintiffs

seek to bring claims on behalf of themselves and a class of others similarly situated, principally alleging that:

    (a)    Defendants prematurely terminated plaintiffs' employment in violation of their employment contracts, both in 2010 and 2011. Those contracts provided for employment for a specified term. Defendants contend that, in each season, they terminated Plaintiffs and other H-2B workers before the end of their contract terms due to higher than anticipated labor costs and/or lower than anticipated crop yields. Plaintiffs contend that, as a matter of law, these "justifications" do not excuse either Defendants' nonperformance of the contracts or their failure to comply with the working arrangements they had entered into with Plaintiffs under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1822(c).

    (b)    Defendants failed to fully reimburse them for outlays they made in order to travel from Mexico to Wisconsin, both in 2010 and 2011, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a), the AWPA, 29 U.S.C. § 1822(a), and the Wisconsin Wage Payments Claims and Collections Act ("WWPCCA"), W.S.A. §§ 109.01 *et seq.*, *see generally Arriaga v. Florida Pacific Farms, LLC*, 305 F.3d 1228 (11th Cir. 2002); and

    (c)    In every season during which any of them worked for Defendants between 2006 and 2011, Defendants failed to provide plaintiffs ( and other similarly situated workers) with the statutorily required written disclosures and work agreements, in English and Spanish, that are due all agricultural migrant workers, at the time of recruitment and hiring, in violation of the AWPA, 29 U.S.C. § 1821(a) and (g) and the Wisconsin Migrant Labor Act ("WMLA"), W.S.A. §§ 103.915(1)(a-b), (4), and (8).

This motion is occasioned by Defendants' failure to properly respond to Plaintiffs' discovery requests. As detailed below and in the attached declaration of one of Plaintiffs' counsel, Jenna L. Miara (Exhibit A hereto), Defendants' responses have repeatedly been delayed, unsigned, and non-responsive. Miara Decl. ¶¶ 2-23. Seven months after production requests were served, Defendants continue to state, when asked where documents are, that they are still "in the process" of gathering them. Miara Decl. ¶ 16; Exhibit B hereto. In addition, interrogatories have repeatedly been answered with the statement "See documents attached …" without specifying *which* documents in a production should be reviewed to find a response to the interrogatory. *See generally* Fed. R. Civ. P. 33(d)(1) (requiring parties producing business records in lieu of narrative responses to interrogatories to "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them …"). Further, the

universe of documents produced has often contained *no* documents responsive to certain interrogatories, despite an answer that substituted "See documents attached" for a narrative response. Miara Decl. ¶ 3.[1]

## ARGUMENT

### I. Plaintiffs Are Entitled To Immediate Production Of Personnel Files, In Response to Their Production Request No. 26.

Plaintiffs' Request for Production No. 26, served on June 29, 2012, seeks the personnel files of five individuals who played central roles in the recruitment and hiring of H-2B workers. On January 7, 2013, six months after the request, Defendants advised Plaintiffs that they are still "in the process" of gathering the personnel files. Exhibit B hereto. There has been enough delay. Defendants should be compelled to produce the files immediately.

### II. Plaintiffs Are Entitled To Immediate Production Of Personnel Policies and Employee Handbooks Responsive To Their Production Requests Nos. 19 and 20.

Plaintiffs' Requests for Production Nos. 19 and 20, served on June 29, 2012, seek employment policies, practices, plans or proposals related to H-2B workers (No. 19) and personnel policies and employee handbooks (No. 20) relevant to Defendants' Bear Creek facility. Exhibit C hereto. Plaintiffs subsequently narrowed Request No. 20 to cover only

---

[1] At the same time, the documents are not organized to correspond to categories of requests. Instead, portions of the production give at least the appearance of having been "shuffled" or "scrambled" before the documents were produced. Thus: classified advertisements for workers from 2007 (Bates 1285-1290) were produced next to invoices for bus travel for workers in 2010 (Bates 1291-1295), which are next to figures for total workers and total hours worked for 2007 and 2008 (Bates 1296), which are next to a notice to workers dated October 13, 2010 (Bates 1299-1300), which is next to a United States Department of Labor publication dated October 2009 (Bates 1300 to 1302), which brings us full circle to more 2010 bus travel invoicing (Bates 1303-1305). While it is possible that an approximately thirty-eight million dollar a year business, such as Defendants', organizes business records in this fashion in the usual course, that seems unlikely.

materials relating to H-2B workers and workers in corresponding employment. Exhibit D hereto. On January 7, 2013, six months after the request, Defendants advised Plaintiffs that they are still "in the process" of gathering the personnel files. Exhibit B hereto. There has been enough delay. Defendants should be compelled to produce the documents immediately.

### III. Plaintiffs Are Entitled To Immediate Production Of Documents Regarding Replacement Workers Responsive To Their Production Request No. 13.

In 2011, after terminating Plaintiffs, Defendants hired replacement workers, consisting primarily of workers of Haitian descent from Florida. Plaintiffs require discovery regarding replacement workers in order to rebut Defendants' contention that Plaintiffs were terminated due in part to diminished crop yields and, therefore, insufficient work. Plaintiffs' Request for Production No. 13, served on June 29, 2012, seeks documents identifying the replacement workers. Defendants responded as follows:

> Object on the ground that this request is overly broad and vague. Subject to that objection, *see attached documents.* Defendants reserve the right to supplement their response.

Exhibit G hereto (emphasis added). Plaintiffs wrote to Defendants explaining that despite the direction to "see documents attached," no documents responsive to Production Request No. 13 had been located. Plaintiffs asked Defendants to identify all such responsive documents by Bates number. Exhibit D hereto. To date, Defendants have not identified any documents and counsel's examination of the documents produced by Defendants reveals no documents that would appear to identify the replacement workers. Miara Decl. ¶ 22. Defense counsel's letter of January 7, 2013 failed to address this issue. Defendants should be compelled to produce all responsive documents immediately.

4

Case 1:12-cv-00209-WCG    Filed 02/08/13    Page 4 of 9    Document 31

**IV. Plaintiffs Are Entitled To A Responsive Answer To Their Interrogatory No. 5 and Production Request No. 6, Seeking All Written Disclosures Provided To H-2B Workers Concerning The Terms And Conditions Of Their Employment.**

The AWPA, 29 U.S.C. § 1821(a) and (g), and the WMLA, W.S.A. §§ 103.915(1)(a) and(8), obligated Defendants to provide Plaintiffs and all other H-2B workers with written disclosures of the terms and conditions of their employment both in English and Spanish, at the time of recruitment. The WMLA, W.S.A. §§ 103.915(1)(b), (4), and (8), also required Defendants to provide "work agreements" in both languages at the time of hiring. With that in mind, Plaintiffs' Interrogatory No. 5 states as follows:

> During the covered period [defined as the years 2006 to 2011, matching the statute of limitations period] and separately for each year, identify the person(s) who described the terms of employment offered to H-2B workers, state whether those terms of employment were communicated in writing to H-2B workers, *and identify all documents relating to any such communications.*

Exhibit E hereto (emphasis added). Correspondingly, Request for Production No. 6 seeks all documents provided to H-2B workers related to the terms and conditions of their employment, including documents provided at the time of recruitment and hire. Exhibit C hereto.

Defendants' first response to Interrogatory No. 5 failed to identify any documents but indicated that such documents had been produced, stating as follows:

> *See documents attached to Defendants' Responses to Requests for Production of Documents.* At various points in time, either Rafael Arroyo Jimenez, Thomas Robinson or LaborQuest and/or Jorge Garcia of Florida East Coast Travel described the terms of employment to H2B workers during the covered period, both verbally [sic] and in writing.

Exhibit F hereto (emphasis added). In like fashion, Defendants' response to the corresponding production request (Request for Production No. 6), stated:

> Objection on the ground that this request is overly broad, vague and unduly burdensome. Subject to that objection, *see attached documents.* Defendants reserve the right to supplement their response.

Exhibit G hereto (emphasis added). The directions to "see documents attached" (both in the interrogatory response and in the response to the document request) do not provide detail enabling Plaintiffs to locate or identify which among the documents produced might be responsive, and Plaintiffs' counsel's examination of the entire production revealed no documents that would appear to disclose terms or conditions of employment at the time of recruitment or hiring. Miara Decl. ¶ 21.

Therefore, Plaintiffs wrote to Defendants on November 9, 2012 explaining that despite the direction to "see documents attached," no documents had been located responsive to Interrogatory No. 5 or Request for Production No. 6. Exhibit D hereto. Plaintiffs agreed to narrow Request for Production No. 6 to documents provided to H-2B workers from 2006-2011 relating to the terms and conditions of employment. *Id.* Plaintiffs asked Defendants to identify all such responsive documents by Bates number, pursuant to Fed. R. Civ. P. 33(d). *Id.* In response, more than two months later, Defendants served a revised set of interrogatory responses. But the response to Interrogatory No. 5 did not change. Exhibit H hereto. In a letter to Plaintiffs' counsel on January 7, 2013, accompanying the revised interrogatory responses, defense counsel stated:

> *Other than* the documents produced to Plaintiffs to date or those obtained by Plaintiffs, Defendants have *no other* documents in its [sic] possession which would describe any of those communications. If Defendants come into possession of any such documents that are responsive to your requests, counsel will provide them to you."

Exhibit B hereto (emphasis added).

At this point in this case, it is time to fish or cut bait. The statement that "no *other*" documents are in his clients' possession, like the earlier direction to "see documents attached," would assert that responsive documents have been produced (but there are no "others"). Yet

6

Defendants still have identified none that have been produced. If Defendants contend that some have been produced, they should be compelled to identify them. On the other hand, if they have produced none because they have none, they should be compelled to say so. In addition, defense counsel's statement in a letter that Defendants have "no other" documents is not a verified response by his clients.

**V.  Plaintiffs Are Entitled To A Full Response to Their Second Request For Production, Seeking Production Figures.**

Plaintiffs' Second Set of Interrogatories, served on October 31, 2012, seeks information about the volume of cabbage processed by Defendants in 2009, 2010, and 2011. Exhibit I hereto. Correspondingly, Plaintiffs' Second Set of Requests for Production, also served on October 31, seeks all documents relied upon for facts to answer that interrogatory. Exhibit J hereto. Responsive documents have not been produced for 2009. Defense counsel has given repeated assurances that the documents are forthcoming. Miara Decl. ¶¶ 14, 17. There has been enough delay. Immediate production should be compelled.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel and enter an Order requiring within seven days (a) complete and verified responses to Plaintiffs' First Set of Interrogatories and Requests for Production, (b) complete response to Plaintiffs' Second Set of Requests for Production, and (c) all such other appropriate relief deemed warranted by the Court.

Dated:  February 8, 2013

7

Case 1:12-cv-00209-WCG   Filed 02/08/13   Page 7 of 9   Document 31

Respectfully Submitted,


/s/ Jenna Miara

**HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.**
Matthew J. Piers
Joshua Karsh
José J. Behar
Jenna Miara
70 W. Madison St., Suite 4000
Chicago, IL 60602
Telephone: (312) 604-2714
Fax: (312) 604-2715

Weeun Wang
Farmworker Justice
1126 16th Street, N.W., Suite 270
Washington, D.C. 20036
(202) 293-5420 ext. 308

## **CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing document **PLAINTIFFS' MOTION TO COMEL** will be served on counsel listed below by CM/ECF on February 8, 2013.

Michael Aldana, Esq.
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202
Michael.Aldana@quarles.com

              /s/ Jenna Miara
              One of Plaintiffs' Attorneys