UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALEJANDRO JURADO JIMENEZ, et al,

        Plaintiffs,

v.                                     Case No. 12-C-0209

GLK FOODS LLC and RYAN A. DOWNS,

        Defendants.

**ORDER GRANTING MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT**

Plaintiffs are migrant workers recruited from Mexico to work at a cannery plant operated by Defendant GLK Foods, LLC in Bear Creek, Wisconsin under the federal government's H-2B temporary foreign worker visa program. *See* 8 U.S.C. § 1101(a)(15)(H)(ii)(b). The H-2B program authorizes employers to recruit and employ foreign workers on a temporary basis if the employers certify that domestic workers are not available to fill the positions. Plaintiffs allege that GLK and its president Ryan A. Downs (collectively "GLK") violated Plaintiffs' rights under various state and federal labor laws by failing to pay the minimum regular and overtime hourly wages, to employ the workers for a certain length of time, to provide at least forty hours per week to each worker, to keep accurate records of hours worked, to reimburse pre-employment expenses, and to provide for post-employment transportation. This matter is before me on Plaintiffs' motion for leave to file a second amended complaint. (ECF No. 63.) For the following reasons, the motion will be granted.

Plaintiffs were H-2B workers hired to work as "trim-line laborers" processing cabbage into sauerkraut at GLK's Bear Creek cannery. As part of the H-2B program, GLK employed hundreds

of workers from 2006 to 2011. Plaintiffs allege that at the time of their recruitment, GLK promised to, among other things, sponsor the workers' visas for employment, to pay them a minimum wage for at least forty hours per week, to transport them to the cannery in Bear Creek, and to provide them work for the certified period of employment. Based on its alleged failure to follow through on its promises, Plaintiffs' have asserted claims against GLK under the Fair Labor Standards Act (FLSA), Migrant and Seasonal Agricultural Worker Protection Act (AWPA), Wisconsin Migrant Labor Act, Wisconsin Wage Payments and Living Wage Laws, and Wisconsin Living Wage and Overtime Laws, as well as a common law claim for breach of contract.

This case has experienced numerous delays for a variety of reasons, including the number of plaintiffs, the breadth of discovery needed, and the difficulty of providing an opt-in notice to potential plaintiffs outside of the United States. Discovery deadlines, for example, have been extended multiple times pursuant to joint motions by the parties. (ECF No. 30, 33, 49.) Plaintiffs' have also previously amended their complaint without opposition from GLK. (ECF No. 39.) In fact, the court granted Plaintiffs' unopposed motion for leave to file the first amended complaint on March 26, 2013, more than a year after this case began and nine months after the unchanged deadline for amended pleadings imposed by the original scheduling order. (ECF No. 38.) The first amended complaint added eleven named plaintiffs, sought certification of a new class of plaintiffs, added a claim under the AWPA for failure to keep accurate time and payroll records, separated claims under Wisconsin state laws, and changed exhibits of H-2B applications and certifications and FLSA consent forms. (Pl. Mot. for Leave to File First Amend. Compl. 1–2, ECF No. 36.)

Plaintiffs' second amended complaint includes four amendments: (1) add eight migrant workers who have signed opt-in forms (which would bring to 81 the number of workers named as plaintiffs in this proposed collective and class action); (2) correct typographical errors in the first

2

amended complaint; (3) narrow the claim for unauthorized wage deductions; and (4) clarify the time period for which Plaintiffs claim unpaid wages under the AWPA. (*Id.* at 1–3.)

GLK opposes the motion. GLK notes that the first three amendments do not require a new amended complaint because Plaintiffs have added workers as named plaintiffs without formal amendment in the past, Plaintiffs' typographical errors are not material, and Plaintiffs may narrow their claim for unauthorized wage deductions by electing to not present evidence. (Def. Resp. 1, ECF No. 64.) However, the fourth amendment, GLK contends, constitutes a "significant expansion" of the complaint for which Plaintiffs must demonstrate good cause at this stage of the litigation**.** (*Id.* at 1–3.) Since Plaintiffs have failed to establish good cause, GLK argues, leave to amend should be denied.

At the outset, it is not entirely clear that any amendment, even the fourth, is necessary. Plaintiffs contend they wish to "clarify" that the relief they seek from GLK for violation of the AWPA includes wages for the times during the certification period both before and after they performed work for GLK when they were not employed. Plaintiffs contend that it is already clear from Count VI in the previous complaint, their breach of contract claim, that they were seeking wages for both periods. The proposed complaint, they note, only clarifies that they are seeking the same relief under Count III, as well. GLK seems to agree. GLK states in its response to the motion that "since the beginning of this case, one of Plaintiffs' Agricultural Workers Protection Act (AWPA) claims is based on the (mistaken) theory that the period of certified employment - i.e., the period in which an employer *may* employ H-2B workers is actually a *guarantee* of employment." (ECF No. 64, Br. In Opp. at 3.) If GLK knew from the beginning what Plaintiffs claim was about, it is not clear that an amendment is necessary. Even if an amendment is not strictly necessary,

3

however, clarifying matters up front can avoid difficulties later. It is apparently for this reason that Plaintiffs seek leave to amend.

Generally, a motion for leave to amend a complaint is evaluated under Federal Rule of Civil Procedure 15(a)(2), which provides that courts "should freely give leave when justice so requires." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). GLK does not argue that it did not realize the extent of Plaintiffs' claim for wages. In other words, GLK makes no claim that it will be prejudiced if the amendment is allowed. As Plaintiffs point out, the proposed amendment does not raise new factual allegations that would require additional discovery. Thus, the proposed amendment is not likely to cause any delay in the resolution of the case. And although GLK contends that Plaintiffs' AWPA claim is based on a mistaken construction of the statute, it does not oppose Plaintiffs' motion on the ground that the proposed amendment would be futile. *See Gandhi v. Sitara Capital Management, LLC*, 721 F.3d 865, 868-69 (7th Cir. 2013) (noting that court may deny leave to amend if the amendment would be futile.) Under the Rule 15(a)(2) standard, it would appear clear that Plaintiffs' motion should be granted. GLK contends, however, that the motion should be denied because the time to amend pleadings under the scheduling order entered by the court has expired, and Plaintiffs have failed to show could cause good cause to modify the order as required by Rule 16(b)(4).

When a plaintiff seeks leave to amend his complaint outside the time allowed in the scheduling order, a district court is "entitled to apply the heightened good-cause standard of Federal Rule of Civil Procedure 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied." *Alioto*, 651 F.3d at 719. Leave to amend the scheduling order, however, is only required if the court intended in the scheduling order to limit the plaintiff's right to seek leave to amend. Here, the court did not. The court's intent was to allow the parties until June 15, 2012, roughly two

4

weeks after the scheduling order was entered, to file an amended pleadings without leave of the court. After that time, it was the court's intent to apply the standard set forth in Rule 15(a)(2) to any request for amendment. The standard in Rule 15(a)(2) is sufficient to allow the court to prevent a party from unreasonably delaying a case by seeking an amendment at the last minute without good cause. Where, as here, there is no delay in the case or prejudice to the opposing party, Rule 15(a)(2)'s standard is met and justice requires that the amendment be allowed.

For the reasons state above, Plaintiffs' Motion for Leave to File a Second Amended Complaint is hereby **GRANTED**. The clerk shall detach the amended complaint from the motion and file it forthwith. Defendants shall file their response within twenty (20) days of the date of this order.

**SO ORDERED** this ___11th___ day of December, 2013.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

5