IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ALEJANDRO JURADO JIMENEZ et al., )
)
Plaintiffs, )
) Civil Action No. 12 cv 209
v. )
) Judge Griesbach
GLK FOODS, LLC and RYAN A. DOWNS, )
)
Defendants. )
)
)

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR
CLASS CERTIFICATION OF COUNTS III, IV, VI, VII AND VIII**

Defendants devote most of their brief to arguing the supposed legality of their conduct rather than addressing the issue at hand: class certification. *See* Defendants' Corrected Response at 6-10 (ECF No. 82). Yet as this court explained in its order granting Plaintiffs' motion for a collective action, that is the wrong focus: the relevant inquiry at this stage is not "whether there has been an actual violation of law but rather … whether the proposed plaintiffs are similarly situated" so that their "claims may reasonably be expected to rise – or fall, as the case may be – together." Order Granting Plaintiffs' Motion for Collective Action at 5 (ECF No. 50). It is axiomatic that the commonality of a practice, not its legality, determines class certification. *Bieneman v. City of Chicago*, 838 F.2d 962, 964 (7th Cir. 1988) ("the propriety of class certification does not depend on the outcome of the suit"); *Schleicher v. Wendt*, 618 F.3d 679, 687 (7th Cir. 2010) ("The chance, even the certainty, that a class will lose on the merits does not prevent its certification").

1

To the very limited extent that Defendants make arguments actually relevant to Rule 23 rather than the merits, their contentions are extremely narrow. They solely contest certification "as to Count Counts III, V and VI." Defendants' Corrected Response at 1 (ECF No. 82). They have expressed no opposition to Plaintiffs' request to certify claims in Counts IV, VII and VIII.[1] And they do not dispute the existence of numerosity, adequacy and typicality under Rule 23(a). They only challenge (a) the existence of commonality and predominance and (b) the availability of class-wide injunctive or declaratory relief.

Not only are Defendants' contentions very narrow, they are also easily resolvable. First, their challenge to commonality and predominance rests, in its entirety, on the supposed variation in "the [individualized] oral contracts allegedly entered into between GLK and the Plaintiffs. Defendants' Corrected Response at 14 (ECF No. 82). However, as explained in Section II of this brief, that is a straw man. Plaintiffs do not seek to litigate the validity, or content, of *oral* contracts on a class-wide basis, but, rather, the validity and meaning of the uniform *written* guarantees governing the employment of every class member, embodied in the terms Defendants committed to in writing and under penalty of perjury in their Applications for Temporary Employment Certification (ETA Form 9142).

Second, Defendants' suggestion that neither injunctive nor declaratory relief has been requested or should be available only goes to certification of a class or classes under Rule

---

[1] For purposes of Counts IV and VII, Defendants have stipulated that *no* H-2B worker recruited for employment by GLK in 2006, 2007, 2008, 2010 or 2011 was ever provided *any* written disclosure document in Spanish, much less one containing all the pieces of information required by 29 U.S.C. § 1821(a)(1-8) or the Wisconsin state law. *See* Plaintiffs Memorandum in Support of Class Certification of Counts IV, V and VII, App. Exh. A (Stipulation) (ECF No. 71-1). In view of that stipulation, covering every H-2B worker, Defendants cannot contest the propriety of class certification of those counts, explaining their silence as to certification of those Counts.

23(b)(2). It is irrelevant to certifying one or more "issues" classes under Rule 23(c)(4) or one or more classes under Rule 23(b)(3). But even more fundamentally, their contention that this case does not involve a request for declaratory relief is wrong. In a legal dispute about the rights and obligations created by a contract (as, for instance, whether the employment contract here was for a defined term or at-will), declaratory relief is always both available and logically required because unless and until the contract has been judicially construed, with rights and obligations declared, the parties' performance or breach of those rights and obligations, and damages, if any, cannot be resolved.

Rule 23 "creates a categorical rule", affirmatively "entitling" any "plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Corp.*, 559 U.S. 393, 398 (2010). Plaintiffs have met those criteria; and Defendants have not, and cannot, identify any claim for which, or any class member for whom, evidence and proofs will not be uniform and class-wide adjudication would not be appropriate.

## I. COUNT III SHOULD BE CERTIFIED FOR CLASS-WIDE ADJUDICATION.

Count III presents two statutory claims under the Migrant and Seasonal Agricultural and Worker Protection Act ("AWPA"), both based on Defendants' uniform breach of the required "working arrangement" they entered into with every H-2B worker, in both 2010 and 2011. *See* 29 U.S.C. §1822(a) and (c). The Eleventh Circuit upheld the class certification of very similar AWPA claims in *De Leon-Granados v. Eller and Sons Trees, Inc.*, 497 F.3d 1214, 1219 (11th Cir. 2007).

The first of these AWPA claims in Count III asserts that Defendants violated the AWPA by requiring H-2B workers to bear visa and travel expenses, thereby reducing the workers' first

3

week's wages below the federally-mandated prevailing wage rate.[2] The second asserts that GLK also violated the AWPA by prematurely terminating H-2B workers' employment, treating these workers as at-will employees, in violation of the AWPA's guarantee of employment for a definite period.[3]

These are both claims for violations of requirements that Plaintiffs contend are statutorily imposed by the AWPA and Wisconsin law. Plaintiffs identified the elements of these claims in their opening brief and discussed every element, one-by-one, demonstrating that the proof as to every single one will be common, enabling resolution of every element and every claim on a class-wide basis. In response, Defendants have identified no element for which, and no class member for whom, proof would not be uniform. They merely dispute the merits, ignoring that a class motion does not present the occasion to resolve merits disputes.

The time for briefing the merits will come, namely, at summary judgment. At that time, Plaintiffs fully expect to prevail on the merits.[4] But at this juncture, even if Defendants' view of

---

[2] *De Leon-Granados v. Eller & Sons Trees, Inc.*, 581 F. Supp. 2d 1295, 1319 (N.D. Ga. 2008) (H-2B workers are entitled to reimbursement for travel, visa, and passport expenses up to the level of the applicable prevailing wage under AWPA); *Avila-Gonzalez v. Barajas*, 2:04CV567-FTM-33DNF, 2006 WL 643297, *2 (M.D. Fla. Mar. 2, 2006).

[3] Any otherwise applicable presumption of at-will employment of H-2B workers has been eliminated by the DOL H-2B regulations (2009) and Wisconsin state law, both of which are incorporated into the AWPA working arrangement, *see De La Cruz v. Gill Corn Farms*, Inc., 2005 U.S. Dist. LEXIS 44676, *22-23 (N.D.N.Y. 2005) (both "federal and state employment laws" are incorporated into every working arrangement under AWPA). Any working arrangement for H-2B workers must contain a "period of employment" as a required term. *See Reyes v. Remington Hybrid Seed Co., Inc.,* 495 F.3d 403, 406 n.1 (7th Cir. 2007)*; DeLeon-Granados v. Eller & Sons Trees, Inc.*, 581 F. Supp. 2d 1295 at1324; *Colon v. Casco, Inc.,* 716 F. Supp. 688, 694 (D. Mass. 1989); *See* W.A.S. § 103.915 (1)(b)(4) and Wis. Admin. Code § DWD 301.06(8) (requiring written employment contracts for a defined term for migrant workers).

[4] In arguing the merits now, Defendants make a series of statements that misportray either the facts or the law, regarding, for example, employer obligations to pay workers' inbound travel expenses, visa fees, or recruiting expenses; Defendants' alleged distance from and lack of involvement in the recruiting process; Defendants' alleged delegation of responsibilities to third-

4

what the AWPA does and does not require were correct (and it is not), that would be irrelevant. *Messner v. Northshore Univ. Health System*, 669 F.3d 802 (7th Cir. 2012) ("[T]he court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits," *id.* at 811, and "may not decline to certify a class merely because" the class's claims might "fail on the merits." *Id.* at 823). At this stage, the question is simply whether the merits can be resolved on a class-wide basis. They can.

## II. COUNT VI SHOULD BE CERTIFIED FOR CLASS-WIDE ADJUDICATION.

Whereas the claims in Count III are statutory claims for violation of the AWPA, the claim in Count VI is for common-law breach of contract. With regard to Count VI, Defendants have raised only three objections to class certification.

First, they seek to defeat certification under Rule 23(b)(3) by asserting that individual issues would predominate. But as evidence of this supposed existence of individualized issues they identify no actual individualized issues and hypothesize one and only one, an alleged variation "in the [individualized] oral contracts allegedly entered into between GLK and the Plaintiffs." Defendants' Corrected Response at 14 (ECF No. 82). This is simply incorrect. Plaintiffs do not seek to litigate the validity, or content, of *oral* contracts on a class-wide basis. Whether oral statements to class members supposedly were "highly individualized" is simply beside the point. Defendants' Corrected Response at 14 (ECF No. 82). Count VI asserts the existence of a uniform *written* H-2B employment contract, embodied in Defendants' written Applications for Temporary Employment Certification (ETA Form 9142), and also required by W.A.S. § 103.915(1)(b), which requires a "written work agreement," and Wis. Admin Code §

---

party intermediaries and those intermediaries' alleged expertise; the alleged differences in obligations incurred by H-2A, as compared to H-2B, employers; and the insinuation that Defendants acted at all times in good faith. Plaintiffs will rebut all of these contentions, to the extent they are relevant, at summary judgment.

5

DWD 301.06(8), which requires every such written work agreement to contain a "minimum work guarantee" with defined beginning and end dates for employment. The contract claim in Count VI is very simple. It asserts that: (a) as a matter of law, Plaintiffs had, and were required to have, a written contract of employment; and (b) as a matter of law, that contract was, and had to be, a contract for a term, not at-will. This claim solely raises questions of law, not fact; and therefore, not surprisingly, Defendants have identified no element of the claim for which, and no class member for whom, individualized proofs will be necessary.

Second, Defendants also seek to block certification of this contract claim under Rule 23(b)(2), by arguing, in error, that "money damages unquestionably is the only relief sought." Defendants' Corrected Response at 11 (ECF No. 82). That is not accurate. Indeed, where, as here, there is a legal dispute about the rights and obligations created by a contract (i.e, was it at-will or for a term?), declaratory relief is *always* both available and *necessary*. For unless and until there is a judicial declaration of the parties' respective rights and obligations, questions of breach and injury cannot be determined. Under such circumstances, money damages is never the only relief sought because until the parties rights and obligations have been declared it is not possible to adjudicate their breach.

Third, Defendants argue that certification should not be possible under Rule 23(b)(2) because monetary relief must necessarily be "individualized." Defendants' Corrected Response at 10 (ECF No. 82). But that contention is also misguided. The existence of individualized damages does not prevent class certification. It merely counsels certifying a *liability-only* class under Rule 23(b)(2) or under Rule 23(c)(4), with separate subsequent hearings later to determine the damages of individual class members. In fact, the Seventh Circuit has recommended that this manner of "divided" or "hybrid" certification will often be the sensible way to proceed. *Butler v.*

6

*Sears & Roebuck & Co.,* 727 F.3d 796 (7th Cir. 2013); *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 482 (7th Cir. 2012); *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076 (7th Cir. 2013).

Defendants have identified no obstacle to class-wide adjudication of the contract claim in Count VI.

### III. PLAINTIFFS WITHDRAW THEIR REQUEST TO CERTIFY COUNT V FOR CLASS-WIDE ADJUDICATION.

The claim in Count V is for violation of AWPA's record-keeping requirement with regard to workers' wages and hours. Plaintiffs withdraw their earlier request to certify this Count for class-wide adjudication.

### CONCLUSION

For all the reasons stated above and in Plaintiffs' opening brief and motion, Plaintiffs request the court grant their motion for certification of the following classes:

> **For purposes of litigating liability issues under Counts III, VI and VIII:**
> **2010 Class**:
>
> All H-2B workers employed by GLK in Bear Creek, Wisconsin in **2010**. However, with respect to claims for post-termination wages or damages, this class excludes workers who have waived such claims.
>
> **2011 Class**: All H-2B workers employed by GLK in Bear Creek, Wisconsin in **2011**. However, with respect to claims for post-termination wages or damages, this class excludes workers who have waived such claims.
>
> **For purposes of litigating liability and damages issues under Counts IV and VII:**
>
> All workers employed by GLK in Bear Creek, Wisconsin in 2006, 2007, 2008, 2010 or 2011 as H-2B workers pursuant to U.S. Department of Labor

certification. This class excludes, however, the following workers: Elias Vera, Everardo Hurtado, Elias Ramirez and Adan Garcia.[5]

Plaintiffs submit that class certification would be appropriate pursuant to Rule 23(b)(2), *or* Rule 23(c)(4), *or* Rule 23(b)(3). Certification pursuant to Rule 23(b)(2) or (c)(4) would not require the delay or cost of class notice.

Dated: February 24, 2014

                                          s/ Claudia Flores
                                          One of Plaintiffs' Attorneys

| | |
|---|---|
| Matthew J. Piers | Weeun Wang |
| Joshua Karsh | Nicholas Marritz |
| José J. Behar | Attorney for Plaintiffs |
| Claudia Flores | Farmworker Justice |
| Jenna Miara | 1126 16th Street, N.W., Suite 270 |
| Christopher Wilmes | Washington, D.C. 20036 |
| Attorneys for Plaintiffs | (202) 293-5420 ext. 308 |
| Hughes Socol Piers Resnick & Dym, Ltd. | E-mail: wwang@farmworkerjustice.org |
| 70 W. Madison Street, Suite 4000 |          nmarritz@farmworkerjustice.org |
| Chicago, IL 60602 | |
| Telephone: (312) 580-0100 | |
| Fax: (312) 580-1994 | |
| E-mail: mpiers@hsplegal.com | |
|        jkarsh@hsplegal.com | |
|        jbehar@hsplegal.com | |
|        cflores@hsplegal.com | |
|        jmiara@hsplegal.com | |
|        cwilmes@hsplegal.com | |

---

[5] The few excluded workers are excluded because they participated, as agents of GLK, in the disclosure violations that are the subject of Counts IV and VII.

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document will be served on counsel listed below by CM/ECF on February 24, 2014.


Michael Aldana, Esq.
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202
Michael.Aldana@quarles.com


                                              s/ Claudia Flores
                                              One of Plaintiffs' Attorneys