IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| ALEJANDRO JURADO JIMENEZ et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 12-cv-209 |
| v. | ) |
| | ) Judge Griesbach |
| GLK FOODS, LLC and RYAN A. DOWNS, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Plaintiffs, by their attorneys, move this Court pursuant to Fed. R. Civ. P. 56 and E.D. Wis. Civil L.R. 56 for summary judgment on Count I of their Second Amended Complaint, for defendants' willful violations of the minimum wage provisions of the Fair Labor Standards Act. In support of this motion, plaintiffs state the following:

1. Plaintiffs are migrant workers from Mexico. They were recruited by defendants to work as "trim-line laborers," processing cabbage into sauerkraut, at defendants' cannery plant in Bear Creek, Wisconsin. They came to work for defendants as part of the federal government's "H-2B" guest-worker program, 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

2. Plaintiffs' Count I alleges that defendants violated the FLSA by failing to reimburse plaintiffs, in their first week of work, for the expenses the workers incurred for in-bound travel, recruitment, immigration and related costs in order to work for GLK during the 2010 and 2011 seasons. These expenses were an inevitable and inseparable consequence of the defendants' decision to hire foreign nationals; defendants' failure to reimburse these costs brought workers' first week wages below the federally-mandated minimum wage; and under the

FLSA, the defendants, rather than the plaintiffs, were required to bear them. *Rivera et. al. v. Peri & Sons Farms, Inc.* 735 F.3d 892, 899 (9th Cir. 2013), *cert. denied*, ___ U.S.___, No. 13-950, February 10, 2014 (employers of H-2A workers are responsible for visa and travel expenses to the extent minimum wage provisions are violated); *Arriaga v. Florida Pacific Farms, L.L.C.,* 305 F.3d 1228, 1237 (11th Cir. 2002) (FLSA violation where H-2A workers were not reimbursed for incoming expenses); *Morante-Navarro v. T & Y Pine Straw, Inc.,* 350 F.3d 1163, 1166 n.2 (11th Cir. 2003) (inbound travel expenses cannot be credited against an H-2B employee's minimum wage).[1]

In support of this motion, plaintiffs submit the following documents:

1. A Memorandum of Law;

2. Plaintiffs' Statement of Undisputed Facts ("PSUF"); and

---

[1] *See also Salazar-Martinez v. Fowler Brothers, Inc. et al.*, 781 F. Supp. 2d 183, 195 (W.D.N.Y. 2011) (as a matter of law, H-2A workers' pre-employment travel and visa costs were primarily for the benefit of the employer); *Gaxiola v. Williams Seafood of Arapahoe, Inc*., 776 F. Supp. 2d 117, 124 (E.D.N.C. 2011) (travel and visa expenses are primarily for benefit of H-2B employer); *Teoba v. Trugreen Landcare, LLC*, 769 F. Supp. 2d 175, 183 (W.D.N.Y. 2011) (visa and transportation expenses for H-2B workers are part of an H-2B employer's costs of "doing business" and primarily for the benefit of the employer); *Martinez-Bautista v. D&S Produce*, 447 F. Supp. 2d 954, 963-64 (E.D. Ark. 2006) (requiring reimbursement of individual bus fares and visa fees paid by H-2A workers, to the extent they reduced workers' first workweek's pay below the minimum wage); *Recinos-Recinos v. Express Forestry, Inc.,* No. 05-1355, 2008 WL 4449973, at *1 (E.D. La. Sept. 26, 2008) (employer ordered to pay all H-2B workers for all transportation deductions); *Rosales v. Hispanic Employee Leasing Program, LLC*, No. 1:06-cv-877, 2008 WL 363479, at *1 (W.D. Mich. Feb. 11, 2008) (travel, visa and administrative expenses incurred by H-2B employees are primarily for employers' benefit); *Rivera v. Brickman Group Ltd.,* No. Civ. 05-1518, 2008 WL 81570, at *12 (E. D. Pa. Jan. 7, 2008) (transportation and visa expenses are for benefit of employer); *De Leon-Granados v. Eller & Sons*, 581 F. Supp. 2d 1295, 1309-10 (N.D. Ga. 2008) (employer responsible for visa processing, travel and border crossing fees because they were primarily for the benefit of employer); *See also* U.S. Dep't of Labor Wage and Hour Div., Field Assistance Bulletin 2009-2, 9 (Aug. 21, 2009) (same).

2

3. Exhibits

WHEREFORE, plaintiffs ask this Court to grant their Motion for summary judgment on Count I of their Second Amended Complaint.

Dated: July 8, 2014

                                                  Respectfully submitted,

                                                  s/ Joshua Karsh
                                                  One of Plaintiffs' Attorneys

| Matthew J. Piers | Weeun Wang |
|---|---|
| José J. Behar | Nicholas Marritz |
| Joshua Karsh | Attorneys for Plaintiffs |
| Claudia M. Flores | Farmworker Justice |
| Jenna Miara | 1126 16th Street, N.W., Suite 270 |
| Attorneys for Plaintiffs | Washington, D.C. 20036 |
| Hughes Socol Piers Resnick & Dym, Ltd. | (202) 293-5420 ext. 308 |
| 70 W. Madison Street, Suite 4000 | E-mail: wwang@farmworkerjustice.org |
| Chicago, IL 60602 |         nmarritz@farmworkerjustice.org |
| Telephone: (312) 580-0100 | |
| Fax: (312) 580-1994 | |
| E-mail: mpiers@hsplegal.com | |
|        jbehar@hsplegal.com | |
|        jkarsh@hsplegal.com | |
|        cflores@hsplegal.com | |
|        jmiara@hsplegal.com | |

# CERTIFICATE OF SERVICE

  I hereby certify that the foregoing document will be served on counsel listed below by CM/ECF on July 8, 2014.

Michael Aldana, Esq.
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202
Michael.Aldana@quarles.com

                s/ Joshua Karsh
                One of Plaintiffs' Attorneys