IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | | |
|---|---|---|
| JOSE ENRIQUEZ RAMIREZ et al, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| and | ) | |
| | ) | Case No. 1:12-cv-00209-WCG |
| ALEJANDRO JURADO JIMENEZ et al, | ) | and |
| v. | ) | Case No. 1:12-cv-00210-WCG |
| | ) | |
| GLK FOODS, LLC and RYAN A. DOWNS, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF CLASSES' MOTION
FOR LEAVE TO FILE OVERSIZED MEMORANDA AND A CONSOLIDATED,
OVERSIZED RULE 56.1 STATEMENT OF PROPOSED MATERIAL FACTS AS TO
WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Civil Local Rules 7(f) and 56(b), the plaintiff classes in the two above-captioned cases move for leave to file oversized memoranda and a consolidated oversized statement of proposed material fact as to which there is no genuine issue, stating as follows:

1.  This coming Friday, February 20, 2015, the plaintiff classes in the two-above captioned cases intend two file three summary judgment motions, with accompanying memoranda and Rule 56.1 statements of material, undisputed facts.

2.  The first motion, to be brought by the class in *Jimenez,* will move for summary judgment on the claims pled in Counts VI and VII and portions of Count III of the Second Amended Class Action Complaint in that case. These counts assert that Defendants' termination of every class member's employment before the end of

the promised period of employment was illegal both in 2010 and in 2011: Count III asserts unlawful discharge in violation of the Migrant and Seasonal Agricultural Worker Protection Act ("the AWPA"); Count VI asserts the terminations were a breach of contract at common law; and Count VII asserts unlawful discharge in violation of the Wisconsin Migrant Labor Act ("the WMLA"). For efficiency and to reduce redundancy, the class intends to file a single consolidated memorandum addressing all three counts, as applied to both seasons (2010 and 2011). If each count, or each season, were treated separately and made the subject of its own motion and memorandum, none of the memoranda would exceed thirty pages, but overall there would be many more pages. To minimize the material the court must read, class counsel are preparing a single consolidated memorandum. With leave of court, that brief will exceed 30 pages but will not exceed 40 pages.

3. The second motion will be brought by the class in *Ramirez*. It will cover the claims pled in Counts I and II of the Second Amended Class Action Complaint in that case, which assert that, in 2011, Defendants violated both the AWPA and the common law of contracts by stranding *Ramirez* class members in Matamoros, Mexico, after the formation of an employment contract and after they had received work visas, but before their departure for Wisconsin. Here, too, for efficiency and in order to reduce redundancy, the class intends to file a single memorandum, addressing both counts and both legal theories. With leave of court, that brief will exceed 30 pages but will not exceed 40 pages.

2

4. The third motion will be brought jointly by the *Jimenez* and *Ramirez* classes and will cover claims that during the 2006, 2007, 2008, 2010 and 2011 seasons, the defendants' violated four distinct statutory requirements of the AWPA and the WMLA pertaining to (1) written disclosure of the terms of employment, (2) providing written work agreements, (3) not taking unauthorized deductions from wages, and (4) making and keeping records of permanent addresses. For efficiency and to reduce redundancy, here, too, the class intends to file a single consolidated memorandum, covering all seasons and the facts and law pertinent to both the AWPA and the WMLA, as they relate to class members both in *Jimenez* and in *Ramirez*. With leave of court, that brief will exceed 30 pages but will not exceed 40 pages.

5. It is, further, class counsel's intent to prepare a single consolidated Rule 56.1 statement of material undisputed facts, covering the facts pertinent to all three motions—again for efficiency and to reduce redundancy. With leave of court, the Rule 56.1 fact statement would contain more than 150 separately numbered paragraphs, but would not exceed 250 separately numbered paragraphs.

WHEREFORE, the plaintiff classes seek leave to file three memoranda in support of their three summary judgment motions, each exceeding 30 pages but none exceeding 40 pages, and a consolidated Rule 56.1 fact statement with more than 150 separately numbered paragraphs but not more than 250 such paragraphs.

Dated: February 16, 2016

Respectfully submitted,

/s/ Joshua Karsh
One of the Attorneys for Plaintiffs

Matthew J. Piers
José J. Behar
Joshua Karsh
Claudia Flores
Jenna Miara
Attorneys for Plaintiffs
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
Telephone: (312) 580-0100
Fax: (312) 580-1994
E-mail: mpiers@hsplegal.com
jbehar@hsplegal.com
jkarsh@hsplegal.com
cflores@hsplegal.com
jmiara@hsplegal.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document will be served on counsel listed below by CM/ECF on February 16, 2015.

Michael Aldana, Esq.
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202
Michael.Aldana@quarles.com

/s/ Joshua Karsh
One of Plaintiffs' Attorneys