IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| ALEJANDRO JURADO JIMENEZ et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 12-C-0209 |
| v. ) | |
| ) | Judge Griesbach |
| GLK FOODS, LLC and RYAN A. DOWNS, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs Alejandro Jurado Jimenez et. al. ("Plaintiffs"), by their attorneys, Hughes Socol Piers Resnick & Dym, Ltd., hereby submit this Sur-reply in opposition to Defendants GLK Foods, LLC and Ryan A. Downs' (Defendants) Motion for Partial Summary Judgment on Count I of their Second Amended Complaint (ECF No. 103).

In their Reply, Defendants argue that despite the presumptive availability of liquidated damages under the FLSA, they have a good-faith defense to liquidated damages in this case because "courts in other circuits are split on" the issue in this case, namely whether an employer of H-2B workers is required to reimburse these workers for their incoming expenses under FLSA. *See* Def's Reply Brief at 9 (ECF No. 103).[1] As a matter of law, Defendants are mistaken.

The good faith defense requires a defendant to prove, by plain and substantial evidence, that it took affirmative steps to ascertain the requirements of FLSA and comply with those requirements. *Pautlitz v. City of Naperville*, 874 F. Supp. 833, 835 (N.D. Ill. 1994) (an employer "must show that it took affirmative steps to ascertain FLSA requirements but, nonetheless,

---

[1] As explained at length in Plaintiffs' Motion for Partial Summary Judgment of Count I of their Second Amended Complaint (ECF No. 86) and subsequent Reply (ECF No. 101), Defendants' obligation to reimburse Plaintiffs for their incoming expenses under FLSA is well established and unambiguous.

violated its provisions") (internal quotations omitted). Where an employer cannot show that it took such affirmative steps, regardless of the justification for this failure, double damages are presumptive. *Dominici v. Bd. of Educ. of City of Chicago*, 881 F. Supp. 315, 322 (N.D. Ill. 1995) (awarding liquidated damages because defendant introduced no evidence that it "undertook any efforts to determine its potential liability under the FLSA").

Here, Defendants have offered no evidence of having made any effort to ascertain their obligations under FLSA. In fact, the undisputed evidence demonstrates the opposite - that Defendants were explicitly informed of their legal obligation to reimburse Plaintiffs by FLECTS/Labor Quest (Defs. Resp. to PSUF ¶¶ 12, 47), that they agreed to provide these reimbursements (Defs. Resp. to PSUF ¶ 48. ) and then simply failed to do so. Defendants cannot rely on a purported legal ambiguity of a claimed "split" in the circuits when they have demonstrated no awareness of the law, nor any effort to educate themselves about the law and were, in fact, told that they *were* obligated to reimburse Plaintiffs for incoming expenses by the company they hired to assist them with recruitment of Plaintiffs. Under these circumstances, any perceived legal ambiguity in FLSA's requirements is rendered irrelevant by Defendants' failure to determine their obligation under FLSA. See *Alice v. GCS, Inc.*, No. 05 C 50132, 2006 WL 2644958, at *7 (N.D. Ill. Sept. 14, 2006) (rejecting defendant's argument that the liquidated damages provision in FLSA was "esoteric and highly complex, involving the overlap and interplay of two statutes and bodies of precedent" because defendant failed to establish that it took affirmative steps to follow the law). Moreover, having actually received advice that they *were* required to reimburse Plaintiffs for their expenses under FLSA, there is simply no basis for Defendants to escape liability for liquidated damages. *Id.* at *7 ("[a]bsent evidence of defendants'

actions or beliefs, the reasonableness thereof or whether defendants acted in good faith, defendants cannot avoid liquidated damages").

Plaintiffs respectfully request the Court grant their motion for partial summary judgment and deny Defendants' cross-motion.


Dated: December 15, 2014                    Respectfully submitted,

                                            s/ Claudia Flores
                                            One of Plaintiffs' Attorneys

Matthew J. Piers                            Ali Beydoun
José J. Behar                               Attorney for Plaintiffs
Joshua Karsh                                Farmworker Justice
Jenna Miara                                 1126 16th Street, N.W., Suite 270
Claudia Flores                              Washington, D.C. 20036
Attorneys for Plaintiffs                    (202) 293-5420 ext. 308
Hughes Socol Piers Resnick & Dym, Ltd.      E-mail: abeydoun@farmworkerjustice.org
70 W. Madison Street, Suite 4000
Chicago, IL 60602
Telephone: (312) 580-0100
Fax: (312) 580-1994
E-mail: mpiers@hsplegal.com
        jbehar@hsplegal.com
        jkarsh@hsplegal.com
        jmiara@hsplegal.com
        cflores@hsplegal.com

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document will be served on counsel listed below by CM/ECF on December 15, 2014.

Michael Aldana, Esq.
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202
Michael.Aldana@quarles.com


                                                s/ Claudia Flores
                                                One of Plaintiffs' Attorneys