IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| ALEJANDRO JURADO JIMENEZ et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 12-cv-209 |
| v. | ) |
| | ) Judge Griesbach |
| GLK FOODS, LLC and RYAN A. DOWNS, | ) |
| | ) |
| Defendants. | ) |

**CLASS MEMBERS' RESPONSE TO DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT OF COUNTS III, VI AND VIII OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

Before the Court are the parties' cross motions for summary judgment on Counts III, VI and VIII of Class Members' Second Amended Complaint[1].

These three counts raise two basic claims. The first is Class Members' claim that as a matter of law they were migrant agricultural workers protected by the federal Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"); that as a matter of law the AWPA forbids and displaces at-will employment for covered workers; and, therefore, that when Defendants prematurely terminated Class Members' employment before the end of the contractual term of employment, Defendants committed a breach of contract giving rise to liability for breach of contract both under the AWPA (Count III) and Wisconsin statutory and common law (Count VI and VIII). The second claim is that Class Members are owed reimbursement for expenditures they made for certain "in-country" expenses under the AWPA

---

[1] Class Members' Motion also seeks summary judgment on Count VII of their Second Amended Complaint under the Wisconsin Migrant Labor Act (WMLA). *See* Class Members' Memorandum in Support of Motion for Summary Judgment on Counts III, VI, VII and VIII (ECF No. 116).

1

and Wisconsin wage laws (Counts III and VIII).

**I.    Defendants' Arguments For Summary Judgment With Regard To Reimbursement of "In-Country" Expenses Have Already Been Addressed And Rejected By this Court In Its March 24, 2015 Decision. The Reasoning In That Decision And Order Should Be Dispositive Here.**

Defendants spend the vast majority of their brief arguing that the Court should enter summary judgment in their favor on Class Members' claims for reimbursement of certain "in-country" expenses. *See, e.g.,* Defendants' Brief in Support of its Motion for Partial Summary Judgment on Counts III, VI and VIII of Plaintiffs' Second Amended Complaint ("D's Brief") at 6-22 (ECF No. 110). Specifically, Defendants argue that:

(a) Neither FLSA nor the H-2B program require reimbursement of these incoming expenses. *See, e.g.,* Ds' Brief at 6-16.

(b) The Eleventh Circuit's decision in *Arriaga v. Florida Pacific Farms*, 305 F.3d (11th Cir. 2002), requiring reimbursement of these expenses under the FLSA should be rejected, in favor of the view expressed by Fifth Circuit in *Castellanos-Contreras v. Decatur Hotels, LLC*, 559 F.3d 332 (5th Cir. 2009). *See, e.g.,* Ds' Brief at 16-20.

(c) The DOL's conclusion that travel and immigration-related costs necessary for H-2B workers are for the benefit of H-2B employers and subject to reimbursement is owed no deference. *See, e.g.,* Ds' Brief at 20-22.

These are the same arguments that Defendants made to this Court, unsuccessfully, in opposing summary judgment on Class Members' FLSA claims under Count I in this case. The Court has exhaustively addressed these arguments, in its Decision and Order dated March 24, 2015, (ECF No. 119 (Case No. 12-cv-209)). Despite the Court's ruling, Defendants have not withdrawn or modified their motion or position to reflect it in the weeks since the ruling. Defendants' arguments cannot carry the day now any more than they did in this case just weeks

ago. Judgment should be entered against Defendants here, as it was there, for the same reasons.

In ruling on reimbursement under Count I in this case, this Court analyzed the issues directly under the FLSA. Here the parties' cross motions concern the Defendants' liability for the same categories of expenses but under the AWPA which incorporates FLSA. This is a distinction without a difference. As a matter of law, the FLSA violations this Court found in *Jimenez* are *ipso facto* violations of Section 1822(a) of the AWPA too.[2] *Smith v. Bonds*, No. 91-818-CIV-5-D, 1993 WL 556781, *8 (E.D.N.C. Sept. 28, 1993) ("The court's finding of liability on plaintiffs' FLSA claims *ipso facto* leads to the conclusion that defendants . . . also violated Section 1822(a) [of the AWPA]."); *see also De Leon-Granados*, 581 F. Supp. 2d at 1319 ("Defendants violated § 1822 of the AWPA by … making deductions for its own benefit that reduce employee pay below the mandated prevailing wage.").

Defendants' Brief presents no argument distinguishing reimbursement obligations owed to the workers in this case, under the AWPA, from the reimbursement obligations owed to workers under the FLSA, as to which this Court has already ruled.[3]

As in both *Smith v. Bonds* and *De Leon-Granados,* the court's finding of liability under the FLSA leads to the conclusion that, to the same extent, Defendants also violated the AWPA.

Therefore, summary judgment should be entered in favor of Class Members, establishing

---

[2] Section 1822(a) of the AWPA, 29 U.S.C. § 1822(a), requires payment of "wages owed … when due."

[3] Defendants also argue that Wisconsin's wage payment and living wage laws which require payment for all hours worked do not require reimbursement of Class Members' incoming expenses. D's Brief at 28-29. As Class Members argue in their Brief in support of their cross-motion, like AWPA and FLSA, Wisconsin law requires reimbursement for deductions that primarily benefit the employer. *See* Class Members' Memorandum of Law in Support of their Motion for Partial Summary Judgment on Counts III, VI, VII and VIII ("Class Brief") at 24-25 (ECF No. 116).

Defendants' liability for reimbursement of "in country" expenses for transportation and visas, reserving the issue of recruitment expenses and calculation of damage amounts, as the Court did in its earlier ruling.

**II.     The Portion of Defendants' Motion Seeking Judgment That Class Members Had No Contractual Right To Employment For A Term Should Likewise Be Denied.**

In comparison to the great length at which they discuss their liability for reimbursement of "in country" expenses, Defendants spend many fewer pages addressing the lawfulness of their termination of Class Members' employment before the end of the contract period (the "certified period of employment"). *See, e.g.,* Ds' Brief at 22-27. In cursory fashion, they argue that both under the AWPA and at common law, Class Members were at-will employees. Specifically, they argue that:

(a)     H-2B petitions do not create a contract of employment or guarantee workers employment for the entire certified period of employment. *See, e.g.,* Ds' Brief at 23.

(b)     No contract for employment for a specific duration was formed under the AWPA. *See, e.g.,* Ds' Brief at 24-25.

(c)     No contract for employment for a specific duration was formed under Wisconsin common law. *See, e.g.,* Ds' Brief at 25-27.

As set forth in much more detail in Class Members' brief in support of their own cross motion for summary judgment on these issues (ECF No. 116), which the Class incorporates by reference here, Defendants' arguments are unavailing, primarily for the following reasons:

1.     Defendants made an offer of employment to every Class Member, which every Class Member accepted. *See, e.g.,* PSAF ¶¶ 68, 62.

2. Class Members' employment with Defendants was governed and protected by the AWPA. *See, e.g.,* Class Members' Memorandum of Law in Support of their Motion for Partial Summary Judgment on Counts III, VI, VII and VIII ("Class Brief") at 15-18 (ECF No. 116).

3. The AWPA displaces employment at will, substituting in its place a guarantee of employment for a defined period, which constitutes a required element of every employment relationship under the AWPA. *See, e.g.,* Class Brief at 18-22; *Reyes v. Remington Hybrid Seed Co., Inc.*, 495 F.3d 403, 406 n.1 (7th Cir. 2007); *Colon v. Casco, Inc.*, 716 F. Supp. 688, 694 (D. Mass. 1989).

4. The AWPA also requires a written disclosure, at the point of recruitment, of the beginning and ending dates of employment. *See, e.g.,* Class Brief at 21-23.

5. Defendants made a single written disclosure to every Class Member in each year by providing a copy of their H-2B petition (ETA 9142) to Class Members which specified a "Begin Date" for intended employment of August 9 in 2010 and August 1 in 2011 and an "End Date" of November 30 in 2010 and November 15 in 2011. *See, e.g.,* Class Brief at 21-23; PSAF ¶¶ 14, 16, 163-67.

6. As a matter of law, in the absence of any other written disclosure, and Defendants stipulated that there was none, the contractual period of employment, for every Class Member, was, therefore, the only disclosed period in each year: August 9 through November 30 in 2010 and August 1 through November 15 in 2011.[4]

---

[4] It is irrelevant whether, as a general matter, H-2B petitions create an enforceable definite term of employment. That is not the issue in this case. Here, Class Members' employment was governed by the AWPA. The AWPA displaces employment at will, rendering it immaterial whether the H-2B petition would have done that independently. Accordingly, the question in this case is not whether employment was for a contractually defined period. As a matter of law, like

5

7. Defendants' decision to terminate Class Members' employment was "intentional" within the meaning of 29 U.S.C. § 1854(c)(1). *See, e.g.,* Class Brief at 25-26.

8. Defendants' decision to terminate Class Members' employment lacked any legally cognizable or legally sufficient "justification." *See, e.g.,* Class Brief at 27-36.[5]

9. In addition, by hiring Class Members, Defendants also entered into a contractual employer-employee relationship with them under Wisconsin common law. *See, e.g.,* Class Brief at 36-37.

10. As a matter of law, AWPA's requirements became implied terms of the common-law contractual relationship between Defendants and every Class Member. *See, e.g.,* Class Brief at 31-32; *Norfolk & W. Ry. Co. v. Am. Train Dispatchers Ass'n*, 499 U.S. 117, 130 (1991); *Dairyland Greyhound Park, Inc. v. Doyle*, 295 Wis. 2d 1, 48-49 (Wis. 2006). And as a result, Defendants' premature termination of Class Members' employment without legal justification therefore constituted a breach of contract under Wisconsin common law in addition to a violation of the AWPA. *See, e.g.,* Class Brief at 36-37.

All of the arguments summarized above are set forth in more detail in the brief filed by Class Members in support of their own cross-motion for summary judgment. ECF No. 116.

---

all AWPA employment it was. Rather, the issue is how long the contractual term was. And that is where the H-2B petition becomes relevant in this case. In the absence of any other writing setting forth a different term of employment, the dates specified on the H-2B petition (ETA 9142 Form) must necessarily become the contractual period of employment.

[5] 20 C.F.R. § 655.22(f), titled *Obligations of H-2B employers*, addresses and recognizes two, and only two, circumstances in which an employer is relieved from continuing to provide work for and pay H-2B workers "prior to the end date of specified in the application." The first exception applies in the event of an H-2B worker's "abandonment or abscondment" from the job before the end of the certified period of employment. The second exception applies when an H-2B employer terminates an H-2B "for cause." 20 C.F.R. § 655.22(f). Class Members in this case neither abandoned nor absconded, and they were not terminated for justifiable cause.

Alone and together, they require denial of Defendants' motion and entry of summary judgment in favor of the Class instead.

## **CONCLUSION**

For all the reasons stated above, this court should deny the Defendants' motion for partial summary judgment on Counts III, VI and VIII of the Second Amended Complaint.

Dated: May 15, 2015

                                        s/ Joshua Karsh
                                        One of Class Members' Attorneys

| | |
|---|---|
| Matthew J. Piers | Ali Beydoun |
| Joshua Karsh | Attorney for Class Members |
| José J. Behar | Farmworker Justice |
| Claudia Flores | 1126 16th Street, N.W., Suite 270 |
| Attorneys for Class Members | Washington, D.C. 20036 |
| Hughes Socol Piers Resnick & Dym, Ltd. | (202) 293-5420 ext. 308 |
| 70 W. Madison Street, Suite 4000 | E-mail: abeydoun@farmworkerjustice.org |
| Chicago, IL 60602 | |
| Telephone: (312) 580-0100 | |
| Fax: (312) 580-1994 | |
| E-mail: mpiers@hsplegal.com | |
|         jkarsh@hsplegal.com | |
|         jbehar@hsplegal.com | |
|         cflores@hsplegal.com | |

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document will be served on counsel listed below by CM/ECF on May 15, 2015.

Michael Aldana, Esq.
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202
Michael.Aldana@quarles.com


                                            s/ Joshua Karsh
                                            One of Plaintiffs' Attorneys