UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALEJANDRO JURADO JIMENEZ, et al.,

    Plaintiffs,

v.                                          Case No. 12-C-209

GLK FOODS LLC, et al.,

    Defendants.

## DECISION AND ORDER

This action arises out of the recruitment and employment of Mexican migrant workers who were admitted to the United States under the H-2B temporary visa program to work for Defendant GLK Foods LLC's sauerkraut facility in Bear Creek, Wisconsin. Defendant Ryan A. Downs is GLK's former owner and president. Presently before the court is Plaintiffs' motion for an award of attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), which entitles prevailing plaintiffs in a FLSA action to reasonable attorneys' fees and costs. For the reasons that follow, the motion is granted-in-part and denied-in-part.

## BACKGROUND

The facts of the underlying action are set forth more fully in the court's March 24, 2015 and May 23, 2016 orders. In brief, Plaintiffs filed this action in 2012 against Defendants GLK Foods LLC and Ryan A. Downs. On summary judgment, the court found that Defendants had committed certain violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–19; the Migrant and Seasonal Agricultural Work Protection Act, 29 U.S.C. §§ 1801–71; and the Wisconsin Migrant Labor Act, Wis. Stat. §§ 103.90–.97. The court subsequently awarded Plaintiffs damages in the

amount of $682,934.70, plus $167,516.19 in prejudgment interest. As it pertains to Plaintiffs' FLSA claim, the court awarded Plaintiffs $83,780.00 in damages. Plaintiff now seeks a total award of $827,674.15 in attorneys' fees and costs.

**ANALYSIS**

A prevailing plaintiff in a FLSA action is entitled to reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b). *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). "The provision exists to enable plaintiffs to employ reasonably competent lawyers without cost to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of FLSA." *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 952 (E.D. Wis. 2003) (citation omitted).

A court calculates attorneys' fees by determining the "lodestar" amount: "the number of hours that any attorney worked on the case multiplied by a reasonable hourly rate." *Jeffboat, LLC v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487, 489 (7th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003)). The party seeking an award of attorneys' fees bears the burden of proving the reasonableness of the fees. *Spegon v. Catholic Bishop*, 175 F.3d 544, 550 (7th Cir. 1999) (citations omitted). The party must make a good faith effort to exclude excessive, redundant, or unnecessary hours. *Hensley*, 461 U.S. at 434.

Once the court determines the lodestar amount, it may adjust the figure based on a variety of factors, including the time and labor required, the novelty and difficulty of the issue, the degree of the success achieved, the experience and ability of the attorneys, the amount involved and the results obtained, and awards in similar cases. *Hensley*, 461 U.S. at 429–30 n.3. When reducing the

2

amount of attorneys' fees recoverable, the court cannot merely "eyeball the fee request and cut it down by an arbitrary percentage because it seemed excessive to the court." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1314 (7th Cir. 1996) (citations and internal quotation marks omitted). Instead, it must provide a "concise but clear explanation of the reasons" for any reductions. *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 409 (7th Cir. 1999).

Plaintiffs seek a total award of $827,674.15 in attorneys' fees and costs which sum represents the work of two firms: Hughes Socol Piers Resnick & Dym, Ltd. (HSPRD) and Farmworker Justice. In coming to the total amount these firms seek to recover from Defendants, HSPRD and Farmworker Justice eliminated time unrelated to litigating the FLSA claim and time it believed would be duplicative or unnecessary. In addition, HSPRD discounted the global amount of its fees by two-thirds, or 66%, to eliminate any remaining time devoted to non-FLSA claims and to accommodate any possible objections Defendants may have. Indeed, this significantly reduced the actual total of HSPRD's attorneys' fees of $1,846,479.00 to $615,493.00. The court will now address the lodestar amount.

The first step in determining the lodestar amount is assessing the reasonableness of the attorneys' hourly rates. The hourly rates at HSPRD are as follows: $665 per hour for Attorney Matthew J. Piers; $545 per hour for Attorney Joshua Karsh; $545 per hour for Attorney Mary Rowland; $500 per hour for Attorney José Behar; $385 per hour for Attorney Claudia Flores; $380 per hour for Attorney Christopher Wilmes; $375 per hour for Attorney Jenna Miara; $375 per hour for Attorney Caryn Lederer; and $150 per hour for paralegals. The hourly rates at Farmworker Justice are as follows: $600 per hour for Attorney Bruce Goldstein; $600 per hour for Attorney Weeun Wang; $475 per hour for Attorney Ali Beydoun; $280 per hour for Attorney Nicholas

3

Marritz; $250 per hour for Attorney David Mauch; and $150 per hour for paralegals. Defendants assert these rates are unreasonably high and that the appropriate hourly rate should be no more than $450 per hour with reductions made to reflect an attorney's skill and experience.

The declarations of Karsh and Goldstein provide sufficient evidence of the comparable skill, and experience of the attorneys who worked on this case. ECF Nos. 188–89. The attorneys requesting $475 or more per hour have anywhere from 22 to 44 years of experience each; the attorneys requesting between $375 to $385 have more than 13 years of experience each; and the attorneys requesting between $250 and $280 have 4 years and 7 years of experience respectively. Plaintiffs assert these amounts are actually used by counsel to bill their clients. Indeed, the best evidence "of an attorney's market rate is his or her actual billing rate for similar work." *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012) (citing *Pickett v. Sheridan Health Care*, 664 F.3d 632, 639–40 (7th Cir. 2011)); *see also People Who Care*, 90 F.3d at 1310 (The attorney's "actual billing rate for comparable work is presumptively appropriate to use as the market rate."). Plaintiffs have also established that their attorneys' rates are lower than the prevailing market rates of attorneys who bill for comparable work. *See* ECF Nos. 190–96; *see also Pickett*, 664 F.3d at 639–40 (noting that "the next best evidence" of an attorney's market rate is "evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases"). Plaintiff has provided evidence of their attorneys' actual billing rates, and Defendants have not presented evidence establishing "a good reason why a lower rate is essential." *People Who Care*, 90 F.3d at 1313. Therefore, the court finds that the above rates are reasonable.

4

Once a reasonable hourly rate has been determined, the court must analyze the number of hours expended. *Hensley*, 461 U.S. at 433. As a threshold matter, Defendants assert Plaintiffs have not shown that these attorneys' fees are reasonable and note that the award is ten times the amount Plaintiffs recovered for the FLSA claim. Defendants therefore request that the court limit the fee award to $83,780, which is a one to one ratio with Plaintiffs' recovery. Attorneys' fees are not required to be proportionate to damages, however. *Spegon*, 175 F.3d at 558; *see also Alexander v. Gerhardt Enters., Inc.*, 40 F.3d 187, 194 (7th Cir. 1994). "To hold otherwise would in reality prevent individuals with relatively small claims from effectively enforcing their rights." *Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 228–29 (7th Cir. 1972); *see also Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 545 (7th Cir. 2009) ("Fee-shifting would not 'discourage petty tyranny' if attorney's fees were capped or measured by the amount in controversy." (quotation omitted)). Nevertheless, proportionality is a relevant factor a court should consider in assessing the reasonableness of fees, as the fee award "should evidence increased reflection before awarding attorney's fees that are large multiples of the damages recovered or multiples of the damages claimed." *Moriarty v. Svec*, 233 F.3d 955, 967–68 (7th Cir. 2000). Defendants bear the burden of establishing that a reduction in the lodestar calculation is appropriate. *See Valerio v. Total Taxi Repari & Body Shop, LLC*, 82 F. Supp. 3d 723, 747 (N.D. Ill. 2015) (citing *Robinson v. City of Harvey*, 489 F.3d 864, 872 (7th Cir. 2007)).

Defendants assert that Plaintiffs' requested fees are unreasonable because counsel utilized block billing, used vague descriptions to record their time entries, and billed for administrative tasks. Defendants' challenges to the reasonableness of the amount of time expended on the case ignore the fact that HSPRD voluntarily reduced its requested fees by two-thirds. Therefore, any concerns

5

Defendants have regarding the reasonableness of the hours billed have been mitigated. Defendants assert HSPRD's fees should be reduced because the firm had no risk litigating the FLSA claim since the litigation was funded by the Mexican government. The fact that the Government of Mexico paid $1,200,000 in attorneys' fees to HSPRD for work performed from September 1, 2010 through December 31, 2014 has no bearing on the reasonableness of HSPRD's fees. *See Pickett*, 664 F.3d at 640. In addition, a portion of the fees recovered by Plaintiffs will be used to reimburse the Government of Mexico. The court concludes that the attorneys' fees requested by HSPRD were reasonably incurred over the course of five years, have been appropriately calculated, and have been reasonably reduced to account for duplication, inefficiency, and non-FLSA claims. No reduction to the amount requested is warranted, and Defendants must therefore pay HSPRD's reasonable attorneys' fees totaling $615,493.00.

Farmworker Justice has not voluntarily discounted any portion of its fees, however. As a result, the court will address Defendants' arguments with respect to Farmworker Justice's fees. First, Defendants claim Plaintiffs' fee petition is "replete with block billing entries which mandate a significant reduction to the fee sought by Plaintiffs." Defs.' Br. in Opp'n at 7, ECF No. 205. While Defendants provided examples of its concerns with HSPRD's block billing, it did not object to Farmworker Justice's entries with the required "particularity and clarity." *Ohio–Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 776 F.2d 646, 664 (7th Cir. 1985) (noting that party opposing fee petition must "state objections with particularity and clarity"). Even if Defendants had objected to particular entries, the court would deny their request to reduce Farmworker Justice's fees based on block billing. "Although 'block billing' does not provide the best possible description of attorneys' fees, it is not a prohibited practice." *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 569

6

(7th Cir. 2006). Having reviewed Farmworker Justice's charges, the court finds that the entries are adequately documented to conclude that the time billed was reasonable. Therefore, the court will not reduce the fee request based upon block billing.

Next, Defendants assert Plaintiffs' counsel used vague descriptions to record their time entries. Defendants challenge the descriptions of 30 entries recorded by Attorney Wang and Attorney Marritz, totaling 20.65 hours of time billed. While there is no reason to suspect that the work was not performed, from the record before the court, I cannot discern whether these entries relate specifically to Plaintiffs' FLSA claim. "[W]hen a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage." *See Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000) (citation omitted). Accordingly, the court concludes that a 20% reduction to these disputed entries reasonably accounts for Defendants' concerns. In short, the court will reduce Plaintiffs' request by $2,318.00 for these vague entries.

Defendants further argue that Plaintiffs' counsel improperly billed for administrative tasks. With respect to Farmworker Justice, Defendants challenge a total of three hours Attorney Wang spent on administrative tasks, specifically, filing a notice of appearance and organizing exhibits. "Courts have recognized that 'organizing file folders, preparing documents, copying documents, assembling filings, electronically filing documents, sending materials, docketing or 'logging' case events into an internal case tracking system, and telephone court reporters to be clerical' tasks for which fees should not be awarded." *Baier v. Rohr-Mont Motors, Inc.*, 175 F. Supp. 3d 1000, 1025 (N.D. Ill. 2016) (quoting *Delgado v. Vill. of Rosemont*, No. 03-C-7050, 2006 WL 3147695, at *2

7

(N.D. Ill. Oct. 31, 2006)). The court finds that Attorney Wang impermissibly billed 3.0 hours of clerical work at $600 per hour. As a result, Plaintiffs' fee award will be reduced by an additional $1,800.00. As such, Defendants must pay Farmworker Justice's reasonable attorneys' fees of $202,679.50.

Finally, Plaintiffs request to be reimbursed for its expenses. Defendants do not challenge Plaintiffs' request for costs, and the court finds that the request is reasonable. Accordingly, Defendants must reimburse Plaintiffs for costs incurred by HSPRD totaling $996.95 and those incurred by Farmworker Justice totaling $4,386.70.

## CONCLUSION

For the following reasons, Plaintiffs' motion for attorneys' fees and expenses (ECF No. 186) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Defendants shall pay to Plaintiff the amount of $823,556.15 in attorneys' fees and expenses.

Dated this   23rd   day of January, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
