IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ALEJANDRO JURADO JIMÉNEZ, et al.,

    Plaintiffs,

v.

GLK FOODS, LLC and RYAN A. DOWNS,

    Defendants.

and

JOSÉ ENRIQUE RAMIREZ, et al.,

    Plaintiffs,

v.

GLK FOODS, LLC and RYAN A. DOWNS,

    Defendants.

Case No. 12-cv-209

Case No. 12-cv-210

## JOINT STIPULATION OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND RELEASE

Subject to the approval of the Court as provided below, this Settlement Agreement is made and entered by and between the Plaintiffs listed in **Exhibits A and B** attached hereto, on behalf on themselves and each member of the Classes in these two cases, and Defendants GLK Foods, LLC and Ryan A. Downs.

I.    **RECITALS**

1. On February 29, 2012, 65 of the Plaintiffs listed in **Exhibit A** filed a lawsuit including both (1) class claims alleging violations of their common law contract rights, the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801-1871 ("AWPA")

and Wisconsin's Migrant Labor Act, W.S.A. §§ 103.90-.97, and (2) claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") brought as a collective action. That case is captioned *Alejandro Jurado Jimenez, et al. v. GLK Foods, LLC and Ryan A. Downs*, Case No. 12-cv-209 in the United States District Court for the Eastern District of Wisconsin. The Plaintiffs in *Jimenez* alleged that they and other similarly situated individuals had their legal rights violated when they were employed by the Defendants between 2006 and 2011, under the H-2B temporary foreign worker visa program. Thereafter, Plaintiffs filed an amended complaint on March 27, 2013, and a second amended complaint on December 13, 2017, which included 81 of the Plaintiffs listed in **Exhibit A** and alleged the same allegations as those listed in the initial complaint as well as additional class claims under Wisconsin's wage payments and living wage laws, W.S.A. §§ 109.01-.12, and Wisconsin's living wage and overtime laws, W.S.A. §§ 103-104.

2. On February 29, 2012, Jose Enriquez Ramirez and Isidro Enriquez Ramirez filed a related class action captioned *Jose Enriquez Ramirez and Isidro Enriquez Ramirez, et al. v. GLK Foods, LLC and Ryan A. Downs*, Case No. 12-cv-210 in the United States District Court for the Eastern District of Wisconsin. They alleged that they and other individuals employed by the Defendants under the H-2B temporary foreign worker visa program had rights violated under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801-1871 ("AWPA") in August and September of 2011. They also alleged that Defendants' conduct constituted a breach of contract under Wisconsin common law. They sought to represent themselves and other similarly situated H-2B workers as a class action under Wisconsin state law and Federal Rule of Civil Procedure 23. Thereafter, the Plaintiffs filed an amended complaint on March 26, 2013, and a second complaint on November 14, 2013, which added 15 of the Plaintiffs listed in

Case 1:12-cv-00209-WCG   Filed 06/27/18   Page 2 of 17   Document 237

**Exhibit B** and alleged the same allegations as those listed in the initial complaint, as well as an alternative claim that GLK's promises to Plaintiffs should be enforced pursuant to the doctrine of promissory estoppel under Wisconsin common law. The *Ramirez* Plaintiffs did not allege any FLSA violations.

3. These related cases have been actively litigated since 2012. In June of 2014, the Court certified the *Jimenez* and *Ramirez* classes pursuant to Rule 23(b)(3). On March 24, 2015, the Court in *Jimenez* granted, in part, both Plaintiffs' and Defendants' motions for summary judgment relating to the *Jimenez* Plaintiffs' FLSA claims. (Dkt. #119.) On May 23, 2016, the Court issued a consolidated decision granting and denying, in part, the *Jimenez* and *Ramirez* Plaintiffs' class claims under the AWPA, WMLA, and Wisconsin wage and hour law. (Dkt. #134.)

4. On March 17, 2017, the Court issued a consolidated decision and order regarding fixed and statutory damages arising from its summary judgment determinations. (Dkt. #160.) In total, the Court awarded the *Jimenez* Plaintiffs $83,780 in FLSA damages and $599,154.70 in class claims damages plus prejudgment interest, and the *Ramirez* Plaintiffs $206,627.68 in class claims damages plus prejudgment interest. (*Jimenez* Dkt. #177); (*Ramirez* Dkt. #124). After prejudgment interest was calculated, the Court entered judgment in favor of the *Jimenez* Plaintiffs in the amount of $83,780 in FLSA damages and $766,670.89 in class claims damages and for the *Ramirez* Plaintiffs class claims damages in the amount of $261,081.20. (*Id.*).

5. On October 27, 2017, Defendants timely appealed the judgments to the Seventh Circuit Court of Appeals, where a consolidated appeal is currently pending. As part of this agreement, the Defendants will file a motion in the Seventh Circuit for limited remand of the Lawsuits to the district court to conduct settlement approval proceedings.

Case 1:12-cv-00209-WCG   Filed 06/27/18   Page 3 of 17   Document 237

6.  Defendants have denied and continue to deny any liability, wrongdoing, or legal violations of any kind related to the claims and contentions asserted in either case. By entering into this settlement, Defendants do not admit any liability or wrongdoing and expressly deny the same.

7.  As reflected above, the parties have been litigating the cases for more than six years. Extensive discovery and briefing regarding all the claims and defenses at issue have been conducted by both parties.

8.  On December 18, 2017, the Parties participated in a mediation with the Seventh Circuit Court of Appeals' mediator, Rocco J. Spagna. The Parties were unable to reach a settlement at mediation; however, negotiations through the mediator continued following the mediation.

9.  On February 16, 2018, after further intensive arm's length negotiations, the parties reached a settlement of both cases, subject to Court approval, which provides, inter alia, for: (a) a combined payment in the amount of $930,000.00 (84% of the judgments entered in the Lawsuits), plus any additional amounts due under paragraph 4e of the **Order Regarding Distribution of Settlement Amounts** ("Distribution Order"), attached hereto as **Exhibit C**, exclusive of attorney's fees and costs ("the Settlement Amount"), the Defendants' liability for attorney's fees and expenses not having been settled; and (b) stipulation to the terms and entry of the Distribution Order attached hereto as **Exhibit C**. The Settlement Amount, if approved by the Court, would be apportioned to each case based on the amount of the judgment award for class claims (for breach of contract and AWPA and Wisconsin statutory violations), as compared to the settlement amount, with no reduction to FLSA damages for purposes of settlement. Accordingly, the Settlement Amount, if approved by the Court, will be allocated as follows:

4

(a) $83,780 will be applied to satisfy the FLSA judgment in the *Jimenez* case; (b) $631,253.63 will be allocated to the *Jimenez* class claims; (c) $214,966.37 will be allocated to the *Ramirez* class claims; and (d) any additional amounts due under paragraph 4e of the Distribution Order will be allocated to class members, in *Jimenez* or *Ramirez*, who qualify for payments under that paragraph. These allocations are pro-rata reductions of the Settlement Amount net of the FLSA damages, based on the Court's award of $766,670.89 in damages and prejudgment interest for class claims in *Jimenez* and $261,081.20 in damages and prejudgment interest for class claims in *Ramirez*. (Jimenez Dkt. #177); (Ramirez Dkt. #124).

10. The Defendants' liability for Plaintiffs' attorney's fees and costs is not discharged, resolved, or released by this Settlement Agreement. The Defendants will pay Plaintiffs' attorney's fees and costs separately from and in addition to the amounts due under this Settlement Agreement. Nothing in this Agreement precludes Defendants from pursuing an appeal of the District Court's attorneys' fees awards.

11. This settlement includes the Plaintiffs listed in **Exhibits A and B**, class members listed on Exhibit 1 to the Distribution Order who timely claims, as well as any unknown class member who timely files a claim and is approved by counsel for Plaintiffs and counsel for Defendants, as provided in the attached Distribution Order.

12. The Parties recognize the expense, burden and risk associated with litigating on appeal. In light of these considerations, and the fact that the Settlement will allow Class Members to receive relief much sooner than if the Defendants continued to pursue their appeal, the Parties believe that this Settlement Agreement is fair and reasonable.

13. Class Counsel represents that they have conducted a thorough investigation into the facts and have diligently pursued the Class Members' claims in both cases. Based on their

own evaluation, Class Counsel is of the opinion that the Settlement Agreement and the attached Distribution Order, which is part of and incorporated into the Settlement, are fair, reasonable, and adequate, and in the best interest of the Class Members, in light of this Court's prior judgments and the uncertainty, risk, and delays inherent in the Defendants' appeals from those judgments.

14. Class Counsel, Defendants' Counsel, and the Defendants agree to cooperate, use their best efforts, and take all reasonable steps necessary and appropriate to obtain preliminary and final approval of this Settlement Agreement, to abide by it, effectuate all aspects of it, defend it from any legal challenge, and to dismiss the Lawsuits, including the Seventh Circuit appeals, with prejudice upon final approval and payment to the Classes (except as noted above in paragraph 10 regarding an appeal of the District Court's attorneys' fees awards).

## II. SETTLEMENT TERMS

### A. DEFINITIONS

1. "Lawsuits" means the above-captioned civil actions.

2. "Class Counsel" refers to: Joshua Karsh and Matthew J. Piers of Hughes, Socol, Piers, Resnick, Dym, LTD, and Bruce Goldstein of Farmworker Justice.

3. "Court" means the United States District Court for the Eastern District of Wisconsin.

4. "Defendants" means **GLK Foods, LLC**, and its former and present parent entities, subsidiaries and joint ventures, and each of their respective present and former officers, directors, controlling stockholders, agents, employees, attorneys, insurers, co-insurers, reinsurers, accountants, auditors, pension and welfare benefit plans, plan fiduciaries, administrators, trustees, predecessors, successors, and assigns; and **Ryan A. Downs** and his agents, employees,

attorneys, insurers, co-insurers, reinsurers, accountants, auditors, administrators, trustees, predecessors, successors, and assigns.

5. "Distribution Order" means the order attached as Exhibit C to this Agreement.

6. "Final Approval Hearing" means the hearing contemplated by the Parties, at which the Court will grant final approval of the settlement and make such other final rulings as are contemplated by the Settlement.

7. "Final Approval Order" means the Court's order granting final approval of this Settlement Agreement on the terms provided herein or as those terms may be modified by subsequent written agreement of the Parties.

8. "Final Judgments" refers to the judgments entered by the Court in conjunction with the Final Approval Order dismissing the Lawsuits with prejudice. The Parties shall submit orders of Final Judgment setting forth the terms of this Settlement Agreement, by incorporation or otherwise, for execution and entry by the Court at the time of the Final Approval Hearing or at such other time as the Court deems appropriate for each of the above-referenced actions. Final judgments will not be entered until after the Court enters judgment for or approves a separate settlement of attorney's fees and costs.

9. "Parties" means the Plaintiffs listed on **Exhibit A** (on behalf of themselves and those whom they seek to represent) and the Defendants.

10. "Preliminary Approval Order" refers to the Court's order granting preliminary approval of this Settlement on the terms provided herein or as those terms may be modified by subsequent mutual written agreement of the Parties.

11. "Settlement Agreement" means this class action settlement agreement and the attached Distribution Order entered into between the Parties. The Distribution Order is part of and incorporated into the Settlement Agreement.

12. "Settlement Amount" means the payment by Defendants of $930,000. The Settlement Amount will account for resolution of Plaintiffs' damage claims and will not be reduced to cover the costs associated with administering the settlement, including CDM's and the Settlement Fund Custodian/Administrator's costs and fees, and the costs of class notice, claims processing, distribution of settlement payments, payments to "unknown" class members as provided for in the Distribution Order, or the employer's share of any required payroll taxes. Plaintiffs and Class Counsel will have no responsibility for any such costs, regardless of whether the Settlement receives Final Approval. The Settlement Amount also does not account for Plaintiffs' attorneys' fees and costs.

13. "Seventh Circuit appeals" means appeal Nos. 17-3248 and 17-3249, in the Court of Appeals for the Seventh Circuit.

**B.   NO ADMISSION OF LIABILITY**

1. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence or wrongdoing on the part of any party. The Parties have entered into this Settlement Agreement with the intention to avoid the costs and risks of further litigation. This Settlement Agreement is a settlement document and shall not be admissible as evidence of wrongdoing by any of the Defendants in any proceeding. The preceding sentence shall not apply to an action or proceeding to approve, interpret or enforce this Settlement Agreement.

## C. RELEASES

1. Upon entry of the Final Approval Order by the Court, the Class Members as well as any unknown class members who timely file a claim and are approved by counsel for Plaintiffs and counsel for Defendants, as provided in the attached **Distribution Order**, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge Defendants from any and all claims that arise from any alleged failure to pay wages—including any such claims for benefits under any benefit plans subject to ERISA that arise from such alleged failure, that any of them had, might have or might have had against Defendants based on any act or omission that occurred at any time prior to the entry of the Preliminary Approval Order against Defendants, and all such claims under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801-1871 ("AWPA"), the Wisconsin Migrant Labor Act ("WMLA"), Wis. Stat. §§ 103.90-.97, minimum wage, overtime, and/or compensation-related claims of any kind (including associated claims for fees/cost, liquidated damages, and penalties), including but not limited to claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq.; Chapters 103, 104, 109, and 111 of the Wisconsin Statutes; Chapters DWD 272, 274, and 275 of the Wisconsin Administrative Code; any breach of contract claims; any state common law wage claims, including but not limited to claims of unjust enrichment and quantum merit; and any and all claims pursuant to or derived from The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Non-participating class members do not release any claims against Defendants.

## D. SETTLEMENT AMOUNT AND PAYMENT

1. Within sixty (60) days of Final Approval, the Defendants shall make a single lump sum payment of $930,000.00 to a tax-qualified Class Settlement Fund established for both

9

QB\52404042.1

cases by a qualified class action fund administrator, as mutually determined by the parties. As noted above, $715,033.63 of this amount will be apportioned to the *Jimenez* Class members and $214,966.37 to *Ramirez* Class members. Defendants will notify Plaintiffs' Counsel of the payment on the same day it is made, providing proof of payment.

2. Payments will be distributed to class members according to the Distribution Order, which is incorporated into this Settlement Agreement.

E. **SETTLEMENT APPROVAL PROCEDURE**

1. The Settlement Agreement requires the occurrence of the all of the following events: (a) execution of the Settlement Agreement by Class Counsel, Defendants' Counsel, and the Defendants; (b) submission of the Settlement Agreement, Notice of Settlement and claims forms by the Parties to the Court for approval; (c) entry of a Preliminary Approval Order by the Court granting preliminary approval of the Settlement Agreement; (d) Court approval and entry of the attached Distribution Order, in the form attached hereto as Exhibit C, the method of distribution, the form and content of the Notice of Settlement, and the claims form; and (e) final approval of the settlement by the Court, after Court approved notice, time for objections by class members, and a Final Approval Hearing.

F. **MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

1. Upon execution of this Settlement Agreement, the Defendants will file an agreed motion in the Seventh Circuit for limited remand of the Lawsuits to the district court to conduct settlement approval proceedings.

2. Within fourteen (14) business days of this Settlement Agreement being executed, the Parties shall file with the Court a Joint Motion for Preliminary Approval of Settlement ("Preliminary Approval Motion"), to be prepared and agreed upon by the Parties.

3. In their Preliminary Approval Motion, the Parties shall request that the Court: (a) grant preliminary approval to the Settlement Agreement described herein; (b) approve the claim Notice and approve and enter the Distribution Order attached hereto; and (c) schedule a tentative date for a Final Approval Hearing approximately 100 days after the date of preliminary approval. The Parties will file a Joint Motion for Final Approval of Settlement no later than seven (7) days before the Final Approval Hearing.

## G. PLAN OF SETTLEMENT NOTIFICATION AND ADMINISTRATION

1. The Parties agree to the terms and entry of the attached Distribution Order attached hereto as Exhibit C.

2. The Parties have selected Simpluris and CDM to administer this class action settlement. Within 10 days of preliminary approval, Defendants will contract with Simpluris and CDM, on terms subject to prior review and approval by Plaintiffs' counsel.

## H. OBJECTION PROCESS

1. Class Members wishing to object to the proposed Settlement and/or be heard at the Final Approval Hearing shall follow the following procedures.

(a) To object, a Class Member, individually or through counsel, must send a written objection, with copies served on Counsel for the parties listed below, no later than five days before the Final Approval hearing :

To Class Counsel:

> Matthew J. Piers or
> Joshua Karsh
> Hughes, Socol, Piers, Resnick, Dym, LTD.
> 70 W. Madison Street
> Suite 4000
> Chicago, IL 60602

And to Defendants:

QB\52404042.1

11

Case 1:12-cv-00209-WCG   Filed 06/27/18   Page 11 of 17   Document 237

Michael Aldana
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2400

(b) The written objection must include (i) the Class Member's full name and current address and telephone number; (ii) the basis for the objection(s), including all factual and legal grounds in support of the objection, and any documentation the Class Member filing the objection wishes the Court to consider; and (iii) the name of any lawyer who represents the Class Member, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement.

(c) Any Class Member who files and serves a written objection by the deadline stated in this paragraph of this Order may also appear at the Final Approval Hearing, to the extent permitted by the Court, either in person or through an attorney hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the proposed settlement. He or she must file and serve a letter stating it is his or her intention to appear, which must be received by Class Counsel and Defendants' Counsel no later than five days before the Final Approval Hearing. Any attorney representing a Class Member for the purpose of making objections must also file a Notice of Appearance with the Clerk, served by mail to the counsel listed above, no later than one week before the Final Approval Hearing

(d) Any Class Member who does not timely file and serve a written objection and Notice of Intention to Appear, shall not be permitted to appear at the Final Approval Hearing, except with leave of Court for good cause shown.

(e) Any Class Member who does not file timely written objections shall be deemed to have waived such objections and shall be forever foreclosed from seeking review of the Settlement (whether by appeal or otherwise). The manner in which a notice of objections shall be

filed and served shall be stated in the Notice. By objecting to the Settlement or otherwise requesting to be heard at the Settlement Hearing, a Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the member's objection or request to be heard.

### I. MOTION FOR FINAL APPROVAL OF SETTLEMENT

1. Promptly after receiving Preliminary Approval of the Settlement Agreement, the Parties shall confirm the date for the Final Approval Hearing or confer about and schedule an alternative date. At least seven (7) calendar days prior to the Final Approval Hearing, the Parties shall file with the Court a joint motion for final approval of settlement.

2. At the Final Approval Hearing, the Parties will ask the Court to finally approve the Settlement Agreement and find that it is fair, reasonable, and adequate as required under Federal Rule of Civil Procedure 23(e). Counsel for the Parties shall jointly present the Court with a proposed Final Approval Order to accomplish that purpose.

3. If the Court does not finally approve any material term or condition of this Settlement Agreement, the entire Settlement Agreement will be voidable and unenforceable. The parties agree, however, to accept non-material and procedural changes to this Settlement Agreement if required by the Court.

### J. PARTIES' AUTHORITY

1. The signatories represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to its terms and conditions.

### K. NOTICES

1. Unless otherwise specifically provided, all notices, demands or other communications in connection with this Settlement Agreement shall be: (1) in writing; and

(2) sent by United States registered or certified mail, return receipt requested, addressed as follows:

> To Counsel for the Named Plaintiffs or Class Members:
>
> Matthew J. Piers or
> Joshua Karsh
> Hughes, Socol, Piers, Resnick, Dym, LTD.
> 70 W. Madison Street
> Suite 4000
> Chicago, IL 60602
>
> To Counsel for the Defendants:
>
> Michael Aldana
> Quarles & Brady LLP
> 411 East Wisconsin Avenue, Suite 2400
> Milwaukee, Wisconsin 53202

### L. COURT RETAINS JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT

1. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, to the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement. This retention of jurisdiction encompasses any disagreement among the Parties concerning the final forms of the Notice Materials or other documents necessary to implement this Settlement Agreement, and all other disputes regarding the Settlement Agreement and its implementation. Any action to enforce this Settlement Agreement shall be commenced and maintained in this Court.

### M. MISCELLANEOUS

1. Upon execution of the Settlement Agreement by the Parties, GLK may reduce the amount of the bonds it obtained through SureTec Insurance, which secure the above-referenced

judgments and which total $1,279,261.9, to $930,000.00, the total amount of the settlement for the above-referenced cases.

2.  Neither this Settlement Agreement, nor any action taken to carry out this Settlement Agreement, is, or may be construed as, or may be used as an admission, concession or indication by or against Defendants of any fault, wrongdoing or liability whatsoever.

3.  The Parties and Class Counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any claims, causes of actions, demands, rights and liabilities of every nature and description released under this Settlement Agreement.

4.  Provided that the Final Approval Order and Final Judgment are consistent with the terms and conditions of this Settlement Agreement in all material respects, the Plaintiffs and Defendants all hereby waive any and all rights to appeal from the Final Approval Order and Final Judgment, including all rights to any post-judgment proceedings, such as a motion to vacate or set-aside judgment, a motion for a new trial, and any extraordinary writ, and the Final Approval Order and Final Judgment will become final and non-appealable at the time they are entered. The waiver does not include any waiver of the right to oppose any appeal, appellate proceedings, or post-judgment proceedings.

5.  This Settlement Agreement shall be construed and enforced under the laws of the State of Wisconsin.

6.  The Parties agree that the terms and conditions of this Settlement Agreement are the result of intensive, arms' length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor or against any of the Parties by reason of their participation in the drafting of the Settlement Agreement.

7. Paragraph titles and headings are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

8. This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by counsel for the Parties, and approved by the Court.

9. This Settlement Agreement contains the entire agreement between the Parties relating to any and all matters addressed in the Settlement Agreement (including settlement of the Lawsuits), and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by one of the Parties or such Parties' legal counsel, with respect to such matters are extinguished. No rights hereunder may be waived or modified except in a writing signed by all Parties and approved by the Court.

10. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

11. This Settlement Agreement may be executed in multiple counterparts with each constituting an original.

12. Any disputes related to this Settlement Agreement that arise prior to the entry of Final Judgment, unresolved by the parties, shall be brought to the attention of the Court by motion. The administration, effectuation, and enforcement of this Settlement Agreement will be under the authority of the Court, and the Court will retain continuing and exclusive jurisdiction over the parties for purposes administering, effectuating, and enforcing this Settlement Agreement.

N. **CAFA COMPLIANCE**

1. To the extent required by law, Defendants will provide notice regarding the settlement of the Lawsuits to the appropriate federal and state officials as contemplated by 28 U.S.C. § 1715.

IN WITNESS WHEREOF, the undersigned duly executed this Settlement Agreement as of the date indicated below:

CLASS COUNSEL

_____
Dated: 1-13-2015

Matthew J. Piers
Joshua Karsh
Hughes, Socol, Piers, Resnick, Dym, LTD.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
Telephone: (312) 580-0100
Fax: (312) 580-1994
E-mail: mpiers@hsplegal.com
        jkarsh@hsplegal.com

Bruce Goldstein
Farmworker Justice
1126 16th St., N.W., Suite 270
Washington, D.C. 20036
Telephone: (202) 293-5420Email:
bgoldstein@farmworkerjustice.org

DEFENDANTS' COUNSEL

Steven M. Kruzel
Dated: 6/27/18

Michael Aldana
State Bar No. 1020233
Steven M. Kruzel
State Bar No. 1086539
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, Wisconsin 53202
Telephone: (414) 277-5000
Fax: (414) 271-3552
Email: michael.aldana@quarles.com
       steven.kruzel@quarles.com

GLK FOODS, LLC

Name: _____ (Ryan M. Downs)
Title: President
Date: 6/27/18

Ryan A. Downs
_____
Date: 06-27-18